Williams, J.
 

 The petition in this case was held demurrable in
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 439, 52 N. E. (2d), 735, and the substance of the allegations in that pleading may be found in the opinion. Subsequently the plaintiff filed an amendment to the petition. The controlling question is whether the petition and amendment thereto-when considered together are subject to a general de
 
 *592
 
 murrer. The amendment sets out that at the time of the collision out of which the injuries and deaths resulting in the claims herein arose, the employees, injured and killed in such collision, were traveling to their homes by means freely chosen by themselves, and that other means of egress from the plant of the employer were available to them and were customarily used by other employees of the plaintiff; that the collision did not occur during the time or in the place or zone of their employment; and that in any event the employment was not the direct cause of the injuries and deaths. In addition, the amendment sets out many evidential facts and figures tending to show how the merit rating of the plaintiff has been and will be affected by the allowance of the claims arising from the injury and death of the employees in such collision. The amendment then states that “by reason of such claims such merit rating credit was eliminated, the plaintiff was charged and it paid the basic rates for the year 1943, or an aggregate increase in premium of $20,018.62 over what the premium would have been without such claims, and disregarding the effect of such claims in the 25% increase in basic manual rate.”
 

 The amendment concludes with these averments:
 

 “The plaintiff therefore has a direct financial interest, to the extent of $20,018.62 plus the amount of all additional premiums based on such claims in future years, in the unreasonable and unlawful allowance of the claims involved herein and the distribution of the state insurance fund on- account thereof.
 

 “Unless this court review and vacate, prohibit or enjoin the orders of the defendant or require the defendant to vacate and set the same aside this plaintiff will be deprived of its property without due process of law and will be denied the equal protection of the laws.
 

 “Wherefore, plaintiff prays judgment as in its petition set forth.”
 

 
 *593
 
 Counsel for plaintiff in their brief in opposition to the demurrer make this statement:
 

 “It was not sought by the amendment to inject a constitutional question, but to set forth beyond cavil the facts from which it is clear that, unless this court review the decisions below, the plaintiff will have been deprived of its property without due process of law and will have been denied the equal protection of the law. This court has clearly and repeatedly held that the decisions of the Industrial Commission are final only upon questions of fact, and to deny a review of questions of law involved in such decisions would be unconstitutional. ’ ’
 

 It is plain that the plaintiff challenges only the “decisions” of the commission with respect to the compensability of the claims in question. A full discussion of the problem, however, requires us to consider in a measure the question of merit rating under Section 14C5-54, paragraph 3 (formerly paragraph 4) General Code.
 

 In
 
 State, ex rel. Williams,
 
 v.
 
 Industrial Commission,
 
 116 Ohio St., 45, 156 N. E., 101, three members of this court voted to sustain the constitutionality of Section 1465-75, General Code, which as then in force provided
 
 inter alia
 
 for the payment of compensation out of the surplus fund, and four members dissented on the ground that the statute insofar as that provision was concerned, amounted to a denial of
 
 due process.
 
 Since the votes of six judges are necessary under the Ohio Constitution to declare a law unconstitutional in a cause originating in this court, the statutory provision under consideration was held valid. Since the opinion has no syllabus, Rule VI (see note 94, Ohio St., ix) has no application and the concurring judges are deemed to endorse the pronouncements of law as in a
 
 per curiam
 
 opinion. With respect to
 
 due process,
 
 the
 
 *594
 
 language of Judge Jones at page 55, is appropriate here:
 

 “Finally, as a controlling reason why the claim of the employer, that its property is taken without
 
 due process,
 
 cannot be sustained, is the concession that the state insurance fund
 
 does not belong to the
 
 employer. Such being the fact,
 
 due process
 
 is not available to the employer, for his property is not taken. The employer, having paid his premium to the state, has acquired not only insurance, but has also obtained immunity from suit — has obtained his
 
 ‘quid pro quo
 
 — meanwhile the fund is held in trust by the state, solely for the benefit of injured workmen and their dependents.”
 

 In
 
 State, ex rel. Powhatan Mining Co.,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 272, 181 N. E., 99, 82 A. L. R., 938, a writ of prohibition was sought to prohibit imposing upon the relator a premium rate calculated upon merit and predicated on individual experience. Judge Jones in the opinion used this language, making-special reference to the equal protection clause:
 

 “Section 1465-54, paragraph 4 [which provided for merit rating], in our opinion, does no violence either' "to the federal of state Constitutions by authorizing the commission to apply to individual occupations ‘that form of rating system which, in its judgment, is best calculated to merit or individually rate the risk most equitably, predicated upon the basis of its individual industrial accident experience, and to encourage and stimulate accident prevention. ’ Such a classification is neither unreasonable nor arbitrary; and we think its basis is fully sustained’by state and federal courts. * # *
 

 ‘A classification having some reasonable basis does not offend against that clause [the equal protection clause] merely because it is not made with mathematical nicety, or because in practice it results in some inequality.’ ”
 

 In considering the question of
 
 due process
 
 and equal
 
 *595
 
 protection of the laws it is necessary to have in mind that a complying employer is not a necessary or a proper party to the proceeding under Section 1465-90, General Code, for the allowance of compensation. That statute does not provide for his being brought in. His only direct financial interest is, not in the distribution of the fund or in the fund itself, but in the creation of it, that is, in the amount of premiums he pays in the future. Since he has no such interest in the fund or its distribution and is not'even a proper party to the proceeding, he is not denied a constitutional right by the allowance of a claim for compensation. He is not aggrieved, if at all, until the commission applies “that form of rating system which, in its judgment, is best calculated to merit or individually rate the risk more equitably, predicated upon the basis of its individual industrial accident experience and to encourage and stimulate accident prevention,” pursuant to Section 1465-54, paragraph 3 (formerly paragraph 4), General Code. When action is taken in merit rating, which determines the amount of premium an employer is required to pay, then for the first time his financial interest is affected. True, Section 1465-54, paragraph 3 and kindred sections are silent as to recourse to the courts by an employer in matters.relating to merit rating ; but since paragraph 3 (formerly 4) has been held constitutional by this court
 
 (State, ex rel. Pawhatan Mining Co.,
 
 v.
 
 Industrial Commission, supra),
 
 and the plaintiff makes no direct attack on its provisions, or on the action of the commission as to merit rating,, no further consideration need be given to the question of the constitutionality of such provision.
 

 It is stated, in the opinion on the demurrer to the petition
 
 (Copperweld Steel Co.
 
 v.
 
 Industrial Commission, supra)
 
 that it is immaterial for the purposes of this case whether the injuries and deaths were compensable or not'. If may be remarked in this connec
 
 *596
 
 tion that the facts alleged do not show that the orders of the commission in allowing the claims for compensation were absolutely void but could be at the most merely what is denominated erroneous in judicial procedure. As heretofore indicated, such orders cannot be reviewed by this court at the suit of the employer who was not a party to the proceedings brought by the claimants, and the facts pleaded in the petition and amendment thereto do not entitle the plaintiff herein to relief by way of extraordinary legal remedy.
 

 This court has not overlooked Section 1465-75, General Code, which provides
 
 inter alia
 
 for proceedings against the complying employer who defaults “in any payment required to be made by him or it to the state insurance fund.” The plaintiff could refuse to pay a premium assessed against it and upon suit to recover the same, make its defense, if any it has. That section has no application to the present case.
 

 The pertinent questions which the plaintiff makes other than those regarding constitutionality were fully discussed in the previous opinion in this case and what was there said is applicable here.
 

 For the reasons given, the demurrer to the petition and amendment thereto is sustained, and final judgment entered in favor of the defendant.
 

 Judgment for defendant.
 

 Weygandt, C. J., Matthias, Zimmerman and Turner, JJ., concur.
 

 Hart and Bell, JJ., dissent..