## COPPERWELD STEEL CO. *v.* INDUSTRIAL COMMISSION OF OHIO.

No. 684. Argued April 5, 6, 1945.—Decided April 23, 1945.

*Mr. Robert G. Day,* with whom *Messrs. H. H. Hoppe, Frank R. S. Kaplan, Maurice J. Mahoney* and *E. P. McHugh, Jr.* were on the brief, for appellant.

*Albertus B. Conn,* Assistant Attorney General, and *Mr. E. G. Schuessler,* with whom *Hugh S. Jenkins,* Attorney General, was on the brief, for appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The appellant conducts a manufacturing plant at Warren, Ohio, and is an employer as the term is defined by the workmen's compensation law of the State. In an original

proceeding instituted in the Supreme Court, the State's highest tribunal, it challenged awards made to certain of its employees, alleging that the injuries suffered were not incurred in the course of, and did not arise out of, the employment; that the awards were, therefore, beyond the jurisdiction of the Industrial Commission which entered them, and, unless they were abrogated, the appellant would be deprived of its property without due process of law; further, that unless relief were afforded the appellant would be denied the equal protection of the laws.

From a decision sustaining a demurrer and granting judgment for the defendant [1] this appeal was taken. The appellee moved to dismiss. We postponed consideration of the motion to the hearing on the merits, as we were not satisfied that the appellant had properly presented in the court below any issue as to the infirmity of the state law under the federal Constitution, or that the judgment of the Supreme Court of Ohio did not rest on an application of state law adequate to support it.

The questions posed for our decision, the manner of their presentation to the state court and that court's disposition of them will be understood only in the light of the provisions of the workmen's compensation law, the commission's action under that law, and the character of the relief sought by the appellant.

The compensation law is of the compulsory type.[2] It is administered by an Industrial Commission, which classifies industries in respect of hazards, and fixes premiums to be paid by employers into a state fund for the benefit of injured workmen and the dependents of those killed. It

[1] The petition was held demurrable (142 O. S. 439, 52 N. E. 2d 735), was amended, demurred to, and judgment for defendant was rendered on demurrer (143 O. S. 591, 56 N. E. 2d 154).

[2] The summary of the statutory provisions is drawn from the General Code of Ohio, §§ 871-1-871-12; 871-38; 1465-37; 1465-53; 1465-54; 1465-60,-68,-69,-69a,-70,-72,-73,-74,-75,-90.

may adopt merit ratings which reduce the premiums of employers having a low casualty rate.

Every employer subject to the Act is required either to pay premiums into the fund or to qualify as a self-insurer. Payments of compensation for injury or death are made from the state fund in respect of employees of a contributing employer and are paid directly by a self-insuring employer. Employers of both classes are relieved of common-law liability for an employee's injury or death. Those, however, who fail to comply in one of the permissible ways remain liable at law, are denied certain defenses in an action by the employee or his representative and, with their officers, are liable to criminal penalties for failure to comply with the Act. Their employees may, nevertheless, elect to claim compensation, and if it is awarded, an action to recover the amount may be maintained against the employer. Such an action may also be maintained against a self-insuring employer who fails to pay an award.

Should an employer who is subject to the Act fail to pay premiums, or otherwise omit to comply, means are provided to fix civil liability upon him, even to the extent of the appointment of a receiver of his business.

The Commission has authority to hear and decide all questions within its jurisdiction. If it makes an award to a claimant its action is final. Neither the employer nor the claimant is given any appeal or right of review. If the Commission refuses an award on certain grounds specified in the Act the claimant may appeal to a court.

It is conceded by the appellee that if a self-insuring or a non-complying employer is sued for the amount of an award the defense is open to him that the employee granted the award was not injured in the course of his employment or that the injury did not arise out of the employment. In the case of a complying employer who pays premiums into the state fund no such defense is open,

for the award is paid from the fund and he is not a party to the transaction.

We turn now to the facts alleged in appellant's petition. So far as material they follow. The men who were injured or killed were employees in appellant's plant. At the close of their work they left the plant in an automobile and chose one of several ways of egress—a public road, which at a short distance from the plant crossed the Baltimore & Ohio Railroad's track. While crossing this track the automobile was struck by a train. The Commission, despite appellant's representation that the resulting injuries and deaths were not compensable under the Act, entered awards. By its amended petition the appellant showed that as a result of the inclusion of the awards in its accident experience its premiums had been greatly increased.

On the first hearing the Supreme Court overruled appellant's contention that § 871–38 of the code authorized the institution of proceedings in that court to set aside compensation awards. Treating the petition as one for a writ of prohibition, the court held that remedy unavailable to control the action of the Commission in rendering awards. If considered as an application for mandamus, the court found that the provisions of the workmen's compensation law precluded the issuance of the writ. Construing the prayer as one for injunction, the court held that the law of Ohio invested it with no original jurisdiction in equity, and that general equity jurisdiction is conferred on the Courts of Common Pleas of the State. These are all rulings as to the law of Ohio, and, as such, we are without power to review them.

In its amended petition the appellant insisted that its purpose was to raise questions of constitutionality; and that it was without remedy against the loss of its merit rating and the increase of its premiums unless the court should set aside the awards.

In a second opinion the court noticed these allegations. It held that as appellant was not a party to the compensation proceeding and as the awards were payable, not by the appellant, but by the state fund, in which appellant had no property interest, it could not be said that payment of the awards deprived appellant of any property. It said that appellant's interests could be affected only when it was called on to pay increased premiums as a result of the awards, and adverted to the fact that appellant could refuse to pay premiums, and defend a suit for them brought under § 1465–75 of the Act. As to this the appellant urges that the penalties, civil and criminal, which would be imposed upon it and its officers if it pursued such a course amount to a denial of all remedy. Of this, more hereafter.

In respect to the denial of equal protection, the court below seems not to have dealt with the argument as presented in this court. It quoted decisions which sustained as reasonable classifications of employers for imposition of varying rates of premium adjusted to the risks incident to their enterprises. Except as above noted, it had nothing to say to the appellant's contention that whereas self-insurers and non-compliers may make the defense of excess of the Commission's jurisdiction when sued for the amount of an award, it cannot assert such a defense when sued for premiums. In our view, the answer to both of the constitutional contentions, though not clearly expressed below, is that it does not appear the appellant is without remedy, if entitled to redress. For it is stated, without contradiction, that there are courts in the State having general equity jurisdiction, and if resort to a defense at law involves the perils and penalties the appellant asserts, we are not advised that equity will not consider an application for relief. Certainly we can neither require the Supreme Court to exercise a jurisdiction it finds is not conferred upon it by law, nor express any view as to the relief to which the appellant may be entitled, in advance of

its availing itself of a forum apparently not foreclosed to it for the protection of its asserted constitutional rights.

What has been said assumes that we have jurisdiction of the appeal. The assumption involves the answer to two questions. First, were questions under the Fourteenth Amendment presented and decided below? We think that the appellant disclosed, and the court below understood, that the provisions of the Fourteenth Amendment of the federal Constitution were invoked. Not only does the Ohio Constitution embody no provisions in the words of that Article but it is doubtful that it contains any equivalent provisions. While the appellant's petition did not mention the Amendment, it used the exact phraseology in which it is couched. The pleadings and the expressions found in the opinions lead us to conclude that questions under the federal charter were presented and considered.

Secondly, was the constitutional validity of the state statute drawn in question? If not, we have no jurisdiction on appeal. But, as violation of the federal Constitution by the decision of the state court is, in any case, involved, we have jurisdiction to review the decision on certiorari (28 U. S. C. 344 (c)). The question of the propriety of entertaining the appeal need not be decided, in the view we take of the basis of the state court's judgment. Inasmuch as we conclude that decision was grounded upon the view that the appellant had not pursued the remedy afforded by state law for the vindication of any constitutional right it claimed was violated, we must dismiss the appeal and deny certiorari.

*So ordered.*