Turner, J.
 

 We are met at the threshold of our consideration of this case by appellees’ claim that relators have mistaken their remedy and that a writ of prohibition is not an appropriate remedy where a judgment has. been rendered by the tribunal against which the writ is sought.
 

 
 *645
 
 In the case of
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683, it was held:
 

 “The writ of prohibition is an extraordinary legal remedy whose object is to prevent a court or tribunal of peculiar, limited or inferior power from assuming-jurisdiction of a matter beyond its cognizance. The writ cannot be made to serve the purpose of a writ of error to correct mistakes of the lower court in deciding questions of law within its jurisdiction.”
 

 In 32 Ohio Jurisprudence, 577, Section 16, it is said:
 

 “Except in those cases where some valid constitutional or statutory enactment declares directly to the contrary, it must appear that the act in question is not ministerial in character. If it is ministerial, the writ cannot be sustained, though the person or tribunal •against which it is sought is a judge or court authorized in proper cases to discharge judicial functions. ’ ’
 

 In the case of
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge,
 
 101 Ohio St., 211, 128 N. E., 70, it was held in paragraphs two and three of the syllabus:
 

 “2. The writ of prohibition does not lie to prevent the ministerial act of a probate judge, acting as clerk
 
 ex oficio,
 
 issuing an execution upon a judgment in his court, since such act does not involve judicial nor gwasi-judicial functions.
 

 “3. When an execution issued against a party is not warranted by a judgment of the Probate Court, ample remedy, is supplied the aggrieved party by application to the court to set aside the writ, or by proceedings in injunction.”
 

 In 32 Ohio Jurisprudence, 571, Section 9, it is said:
 

 “Inasmuch as prohibition is preventive rather than corrective, it may be invoked only to prevent the commission of a future act, and not to undo an act which has already been performed. Hence, a writ
 
 *646
 
 of prohibition will not issue upon application made subsequent to the rendition of final judgment by the court whose action is sought to be prohibited.”
 

 In the case of
 
 Marsh
 
 v.
 
 Goldthorpe, Mayor,
 
 123 Ohio St., 103, 174 N. E., 246, it was held:
 

 “2.
 
 The writ of prohibition will not lie as a writ of error tó prevent enforcement of an erroneous judgment rendered within the jurisdiction of the tribunal which rendered it.
 

 “3. Prohibition is a preventive writ, designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine or in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law. Being preventive rather than corrective it may only be invoked to prevent the commission of a future act and hot to undo an act which is already performed.”
 

 In the case of
 
 State, ex rel. Maysville Bridge Co.,
 
 v.
 
 Quinlan, Probate Judge,
 
 124 Ohio St., 658, 181 N. E., 880, this court rendered the following
 
 per curiam
 
 opinion:
 

 “The court find that there is no warrant for the issuance of a writ of prohibition sought by the plaintiff, for the reason that the action, order and judgment which the plaintiff seeks to have restrained and prohibited have been fully consummated. A writ of prohibition may be awarded only to prevent the unlawful usurpation of jurisdiction, and does not lie to prevent the enforcement of a claimed erroneous judgment previously rendered; it may be invoked only to prevent proceeding in a matter in which there is an absence of jurisdiction and not to review the regularity of an act already performed. It cannot be substituted for a proceeding in error.”
 

 In the case of
 
 State, ex rel. Frasch,
 
 v.
 
 Miller, Judge,
 
 126 Ohio St., 287, 185 N.E., 193, it was held:
 

 
 *647
 
 “1. A writ of prohibition is not available as a •substitute for error proceedings.
 

 “2. A writ of prohibition will not issue upon application made subsequent to the rendition of final .judgment by the court whose action is sought to be prohibited.”
 

 In the instant ease the judgment had been pronounced by the justice of the peace and all that remained thereafter to be done was ministerial. The duties of the constable in the instant case were purely ministerial. A constable has no judicial function. Section 3334, General Code.
 

 In 24 Ohio Jurisprudence, 320, Section 82, it is said:
 

 “Generally speaking, those acts which are of a clerical nature, and which are performed by the clerks in courts of record, are ministerial. Accordingly, it has been held that the docketing of the cause, and recording therein everything that the law requires or directs to be entered, the issuing of execution thereon, the issuing of an order of arrest, the entering of the judgment' on the docket in proper form, and the fixing of the proper date to a recognizance are ministerial. ’ ’
 

 The prayer of relators’ petition for a writ of prohibition is as follows:'
 

 “Wherefore, relators pray that an order for a writ of prohibition may issue against said respondents, John F. Clair and Eben Hager, to prevent them or either of them from issuing, serving, executing or otherwise complying with any writ of restitution or other process, arising from or under or in furtherance of the purported judgment entered by the said justice of the peace, as aforesaid, and further pray that the said respondents be restrained in like manner until the final hearing of this cause and pray further for such other and further orders in the premises as the nature of the case may require.”
 

 
 *648
 
 The acts for which the writ is sought in the instant case are ministerial and, therefore, do not fall within the purview of an .action in prohibition. See
 
 State, ex rel. Frasch,
 
 v.
 
 Miller, Judge, supra.
 

 The writ of prohibition will issue only where there is an absence or inadequacy of remedy. 32 Ohio Jurisprudence, 566, Section 5, and 569, Section 7. As pointed out by appellees in their brief, “The relators have an adequate remedy by way of injunction to test the validity of the judgment of the justice court. ”• See, also,
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge, supra.
 

 In view of our conclusion as to the appropriateness of the remedy sought, we do not reach the consideration of appellants’ assignments of error. Therefore, upon the authorities quoted above the judgment of the Court of Appeals in the instant case should be and hereby is affirmed.
 

 Judgment affirmed.
 

 . Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.