Sohngen, J.
 

 In our consideration of this case, we are immediately confronted with respondents’ contention that this court is without jurisdiction because prohibition is not a proper remedy to review the regularity of the exercise of jurisdiction in the rendering of an order by the commission, where the order is an accomplished fact.
 

 
 *405
 
 In the case of
 
 State, ex rel. Moss,
 
 v.
 
 Clair,
 
 148 Ohio St., 642, this court held in the first paragraph of the syllabus:
 

 “A
 
 writ of prohibition may be awarded only to prevent the unlawful usurpation of jurisdiction and does not lie to prevent the enforcement of a claimed erroneous judgment previously entered or the administrative acts following the rendition of a judgment by a justice of the peace; it may be invoked only to prevent proceeding in a matter in which there is an absence of jurisdiction and not to review the regularity of an act already performed.
 
 (State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115;
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge,
 
 101 Ohio St., 211;
 
 Marsh
 
 v.
 
 Goldthorpe, Mayor,
 
 123 Ohio St., 103;
 
 State, ex rel. Maysville Bridge Co.,
 
 v.
 
 Quinlan, Probate Judge,
 
 124 Ohio St., 658;
 
 State, ex rel. Frasch,
 
 v.
 
 Miller, Judge,
 
 126 Ohio St., 287, approved and followed.)”
 

 The acts sought to be restrained in the instant case relate to the order of the. commission whereby it made an Additional award. At the time of the filing of the petition in the instant case, the order of the commission was an accomplished fact; it had been made. The collection of an additional assessment by reason of the order of the commission allowing an additional award and the suspension by the commission of relator’s rights, privileges and protection under the Workmen’s Compensation Act are ministerial in character and relate only to the enforcement of the commission’s order.
 

 The relator’s petition prays “that a writ of prohibition be issued to restrain the defendants, George L. Coffinberry, Richard W. Morse and Will T. Blake, as the Industrial Commission of the state of Ohio; from collecting any additional assessments from the plaintiff, The Ohio Stove Company, and from suspend
 
 *406
 
 ing the rights, privileges and protection of the plaintiff, The Ohio Stove Company, under the workmen’s compensation law of the state of Ohio for nonpayment of said additional assessment by reason of the finding of the Industrial Commission on the 18th day of December, 1940, that The Ohio Stove Company, the plaintiff herein, violated a specific requirement of section three of the code of specific requirements.”
 

 The relator by its action seeks to prohibit the enforcement of the commission’s order made prior to the-institution of the instant action. This relief is injunctive to restrain the commission from performing ministerial acts, and, under the Constitution, this court has no original jurisdiction to afford such relief.
 

 In view of our conclusion that a writ of prohibition is not an appropriate remedy, the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.