Hast, J.
 

 The relator claims that the respondents, under the facts, were without jurisdiction to make an order awarding compensation to Fischer for total disability based upon the occupational disease of silicosis when, as it claims, the undisputed facts show that silicosis was only one of several causes of total disability, and that for that reason its award was illegal and void. See
 
 State, ex rel. Yuska,
 
 v.
 
 Industrial Commission,
 
 144 Ohio St., 187, 58 N. E. (2d), 214.
 

 The function of the extraordinary remedy of prohibition is to prevent a judicial or quasi-judicial tribunal from assuming jurisdiction where it has none or from exceeding its jurisdiction where it possesses limited jurisdiction. Jurisdiction only is involved and the writ cannot be invoked to test mere errors of judgment.
 
 State, ex rel. Burtzlaff,
 
 v.
 
 Vickery et al., Judges,
 
 121 Ohio St., 49, 166 N. E., 894;
 
 State, ex rel. Maysville Bridge Co.,
 
 v.
 
 Quinlan, Probate Judge,
 
 124 Ohio St., 658, 181 N. E., 880; 32 Ohio Jurisprudence, 577. See annotation 115 A. L. R., 3 to 35. The function of the writ is to prevent unauthorized action on the part of a judicial or quasi-judicial tribunal, and not to prevent the carrying into execution of orders once made.
 
 State, ex rel. Moss,
 
 v.
 
 Clair,
 
 148 Ohio St., 642, 76 N. E. (2d), 883;
 
 State, ex rel. Ohio Stove Co.,
 
 v.
 
 Coffinberry,
 
 149 Ohio St., 400.
 

 
 *17
 
 The relator challenges the respondents’ finding that Fischer had total disability caused by silicosis independent of other factors, and alleges that the proven facts do not sustain, it. The issue thus developed, if respondents’ demurrer be overruled, would require this court to retry this vital issue of fact and substitute its judgment for that of the commission and thus, in effect, give the relator an appeal from the finding of the commission to which remedy, under the Workmen’s Compensation Act, it is not entitled. Clearly, the remedy of prohibition cannot serve any such purpose.
 

 It is suggested by the relator that the writ of prohibition should issue here to restrain the respondents from carrying out an alleged illegal order. However, as was said in the case of
 
 State, ex rel. Ohio Stove Co.,
 
 v.
 
 Coffinberry, supra,
 
 the relief here sought “is injunctive to restrain the commission from performing ministerial acts, and, under the Constitution, this court has no original jurisdiction to afford such relief.”
 

 If the relator is entitled to injunctive relief, it must be sought in an appropriate tribunal having jurisdiction to enjoin the collection of an illegal or void order or judgment.
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge,
 
 101 Ohio St., 211, 128 N. E., 70.
 

 In the case of
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 439, 52 N. E. (2d), 735, this court suggested that an employer has no interest in the distribution of the state insurance fund and is not aggrieved until a merit-rating system is applied to him, which takes into account the distribution of awards to claimants employed by such employer. When that situation arises the employer, such as the relator in this case, could refuse to pay a premium assessed against it and upon suit to recover the same
 
 *18
 
 make its defense, if it has any.
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 143 Ohio St., 591, 56 N. E. (2d), 154. That being true, the relator may not maintain this action in prohibition.
 

 The demurrer to the relator’s petition, admitting only well pleaded facts but excluding conclusions of law, is sustained on the ground'that such petition does not state a cause of action, and the writ of prohibition is denied.
 

 Writ denied-
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.