Hart, J.
 

 The question here presented is whether an employer is entitled to a writ of mandamus to restrain payment of an award made by the Industrial Commission to a claimant who was found by the commission to be suffering from permanent total disability as the result .of silicosis contracted in the course of his employment with such employer, although there was evidence that such claimant had more than one year prior to the filing of such claim with the commission suffered temporary total disability as the result of silicosis contracted while, in the service of another employer.
 

 Clearly, the writ prayed for by relator should not issue in any event unless it appears from the allegations of the petition that the Industrial Commission abused its discretion in allowing compensation to the
 
 *522
 
 claimant. The allegations of the petition disclose that Kanz was employed by the Wellman Bronze & Aluminum Company from June 1943 to August 1945; that on February 6, 1945, while so employed, there was a diagnosis of silicosis by Dr. Potts; that Kanz was employed by the relator from August 1945 to April 25, 1947; and that he reported his disability from silicosis and filed his claim June 11,1947.
 

 There is no allegation in the petition that Kanz’s attack of silicosis was a continuous disease since his employment with previous employers. On the other hand, according to relator’s petition, the commission found that claimant had contracted silicosis while in the course of and arising out of his employment with the relator. The relator alleges in its petition that the commission was in error in so finding, but does not allege that the commission abused its discretion, and there are no facts alleged from which this court may conclude that there was such abuse of discretion.
 

 This court has heretofore refused on general principles to interfere with the discretion of the commission in the allowance of claims under somewhat comparable circumstances. In the case of
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 143 Ohio St., 591, 56 N. E. (2d), 154, this court held:
 

 “1. An employer is not denied due process of law or equal protection of the law by reason of the fact that he is not given a right by statute to review an order of the Industrial Commission awarding workmen’s compensation to his employees or dependents of his deceased employees.
 

 “2.
 
 When such an order is challenged only on the ground that the claims allowed are not compensable, the employer whose merit rating will be affected thereby is not entitled to relief by way of extraordinary legal remedy. ’ ’
 

 
 *523
 
 This court further said in its opinion in that case:
 

 “As heretofore indicated, such orders cannot be reviewed by this court at the suit of the employer who was not a party to the proceedings brought by the claimants, and the facts pleaded in the - petition and amendment thereto do not entitle the plaintiff herein to relief by way of extraordinary legal remedy.”
 

 Later, in the case of
 
 State, ex rel. Hobart Mfg. Co., v. Industrial Commission,
 
 150 Ohio St., 14, 80 N. E. (2d), 153, this court held:
 

 “In the case of
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 439, 52 N. E. (2d), 735, this court suggested that an employer has no interest in the distribution of the state insurance fund and is not aggrieved until a merit-rating system is applied to him, which takes into account the distribution of awards to claimants employed by such employer. When that situation arises the employer, such as the relator in this case, could refuse to pay a premium assessed against it and upon suit to recover the same' make its defense, if it has any.
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 143 Ohio St., 591, 56 N. E. (2d), 154. That being true, the relator may not maintain this action in prohibition.”
 

 Finally, relator in the instant case does not allege that its merit-rating has" been or will be affected by the allowance of Kanz’s claim. If that time ever arrives it may assert a remedy at law in resisting the payment of alleged illegal premiums.
 

 The demurrer to relator’s petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.
 

 Turner, J., not participating.