WAXLER ET AL., *v.* SMITH, JUSTICE OF THE PEACE, ET AL.

(No. 422—Decided February 14, 1953.)

*Mr. Roy Warren Roof,* for plaintiffs.
*Messrs. Kaylor & Kaylor,* for defendants.

GUERNSEY, J.   This is an action in prohibition instituted in this court by the plaintiffs, Vachel N. Waxler and Esther Waxler, against the defendants, Worley Smith, Justice of the Peace of Pleasant Township, Hardin County, Ohio, and Clay Guider, constable of the Justice of the Peace Court of Pleasant Township, Hardin County, Ohio, seeking to restrain the enforcement of a judgment recovered by one Charles W. Fox against the plaintiffs herein in an action in forcible entry and detainer in the court of said justice wherein it was adjudged that Charles W. Fox have restitution of the premises described in his complaint in the forcible entry and detainer action.

The prayer of the petition in prohibition in this court is as follows:

"Wherefore, plaintiffs pray the court for their allowance of an alternative or temporary writ of prohibition, restraining the defendant, the Justice of the Peace Court, of Pleasant Township, Hardin County, Ohio, and defendant Worley Smith, Justice of the Peace of said Justice of the Peace Court of Pleasant

Township, Hardin County, Ohio, from further proceeding in said action and from enforcing his said judgment by default in said action by attempting to enforce a writ of restitution and dispossessing plaintiffs from their home; and that the court also allow an immediate temporary writ of prohibition herein, restraining the defendant, Clay Guider, constable, from executing said writ of restitution issued to him by the defendant, Worley Smith, justice of the peace, and that notice of the filing of this action be served upon the defendants herein, as aforesaid, in such manner as this court may direct, and requiring said defendants to show cause, upon a day named therein, why a writ of this court should not prohibit them from proceeding with enforcing said judgment in said court, aforesaid, and the granting and decreeing of any further orders on the judgment therein as this court should issue, and for such other and further relief as the nature of this case may require, together with the costs of the action.''

Each of the defendants named in the amended petition filed their separate general demurrers thereto, and Charles W. Fox, who procured the judgment of restitution in the action in the justice court, upon his motion, was made a party defendant to the prohibition action by this court and filed his separate general demurrer to the amended petition. The demurrers were heard together and will be considered in the same manner.

Plaintiffs predicate their right to the relief prayed for in their petition to allegations therein purporting to show and relied upon by them as showing that the justice court did not have jurisdiction to render the judgment of restitution.

From the above quoted prayer of the petition, it appears that all the relief sought by the plaintiffs is

against the enforcement of the judgment of restitution rendered prior to the commencement of this action in prohibition.

It will be noted also that the plaintiffs herein seek a writ of prohibition restraining the defendant constable from executing the writ of restitution issued to said constable by said justice of the peace.

It was held by the Supreme Court of Ohio in the case of *State, ex rel. Marysville Bridge Co.*, v. *Quinlan, Judge,* 124 Ohio St., 658, 181 N. E., 880, that a writ of prohibition may be awarded only to prevent the unlawful usurpation of jurisdiction, and does not lie to prevent the enforcement of a claimed erroneous judgment previously rendered; that it may be invoked only to prevent proceeding in a matter in which there is abuse of jurisdiction and not to review the regularity of an act already performed.

In a case subsequently heard by the Supreme Court, being the case of *State, ex rel. Frasch,* v. *Miller, Judge,* 126 Ohio St., 287, 185 N. E., 193, it was held:

"A writ of prohibition will not issue upon application made subsequent to the rendition of final judgment by the court whose action is sought to be prohibited."

This latter case was one in which the petitioner sought a writ of prohibition to restrain enforcement of a judgment of restitution in an action in forcible entry and detainer upon the ground that the court rendering the judgment of restitution did not have jurisdiction of said action of forcible entry and detainer.

The case at bar clearly comes within the purview of and is governed by the above-mentioned holdings insofar as the right of the plaintiffs to have relief by way of a writ of prohibition is concerned. Under these holdings, the plaintiffs are not entitled to the writ of prohibition sought by them and plaintiffs' petition for

this reason does not state facts sufficient to constitute a cause of action.

The act of the defendant constable, sought to be prohibited, is a ministerial act. The extraordinary remedy of prohibition is not available to prevent the performance of a purely ministerial act. *State, ex rel. Meurer,* v. *Eyrich, Jr.,* 154 Ohio St., 471, 96 N. E. (2d), 412.

For the reason first above mentioned, the separate demurrers of the defendants to the amended petition are sustained, and the demurrer of the defendant constable is also sustained for the additional reason last above mentioned.

The plaintiffs are granted leave for the period of 10 days from the time the minutes of the decision herein are entered upon the trial docket of this court, in which to further plead if they so desire, but in the event that plaintiffs do not further plead within said 10-day period, judgment will be rendered herein in favor of defendants vacating the alternative writ of prohibition issued herein and dismissing plaintiffs' amended petition at their costs.

*Judgment accordingly.*

YOUNGER, P. J., and MIDDLETON, J., concur.