**STATE, ex rel. GEM COAL COMPANY, Relator, v. YOUNG, Admr. Bureau of Workmen's Compensation et, Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 6170.   Decided August 4, 1959.

James D. Hapner, Columbus, for relator.

Mark McElroy, Atty. Genl., William G. Carpenter, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By BRYANT, PJ.

The Gem Coal Company, an Ohio corporation, relator herein, filed a petition for writ of prohibition in this court. Named as respondents were James Young, Administrator, Bureau of Workmen's Compensation, herein called administrator, the Industrial Commission of Ohio, herein called commission, and Joseph T. Ferguson, herein called treasurer.

Relator objects to the holding of a hearing held on April 1, 1959, by the commission at which an offer of a compromise settlement was considered after which, on April 6, 1959, a complete and final settlement of a death claim was approved by the commission and accepted by the claimant, who at the time, was given a check for the full amount of the award.

On April 9, 1959, three days after the settlement above referred to, relator filed his petition for writ of prohibition in this court. In substance, it alleges that on March 26, 1956, one C. E. Byers, then an employee of relator, was injured and thereafter on April 21, 1957, died. The widow, Mary D. Byers, filed a claim for compensation which had been heard by the administrator and a regional board of review and was pending on appeal before the commission.

Relator says that the hearing on April 1, 1959, devoted to considering the compromise settlement, was objected to by relator and held without its consent. Relator further objects that the decision or final order accepting the compromise offer on April 6, 1959, was without its knowledge or consent.

Relator contends there was no causal connection between the injury and the death, that there was not even any question about it sufficient to warrant a compromise settlement, and that unless the employer agrees thereto, the commission lacks jurisdiction to consider or accept the compromise offer.

The answer of the commiission admits that the Byers' claim was pending before it on appeal and that the various procedural steps previously had been taken; denies allegations in the petition not admitted to be true and enlarges upon the circumstances concerning its actions. The commission says a hearing on the question of settlement was held April 1, 1959, that prior thereto notice was given to the parties, that the issue was taken under advisement and was decided on April 6, 1959, in a lengthy order which is pleaded in full. The commission determined that decedent suffered a hernia while working for relator, that such injury occurred during the course of and arising out of his employment with relator and that there is some question as to the causal relationship between the injury and death. The order makes a

death award of $6,000 to the widow as a compromise settlement. The answer also sets forth the release signed by the claimant in which she accepts the compromise and acknowledges receipt of a warrant or check for $6,000 in full settlement of the claim. The release was dated April 6, 1959.

Relator has demurred to the five defenses in the answer of the commission, which defenses are in substance (1) the commission did not exceed its jurisdiction; (2) prohibition will not function retroactively and cannot halt an order or decision made before the suit was filed; (3) that relator has an adequate remedy at law and may, at the proper time, contest the validity of any illegal increase in premiums or contributions; (4) that relator lacks the legal capacity to maintain an action in prohibition and has no interest in the distribution of the state insurance fund, and (5) that a writ of prohibition may not be used to control the exercise of discretion by the commission.

As above pointed out the prayer of the petition is in the alternative and the final relief sought against the commission is to prevent it from "effectuating" its order of April 6, 1959, or charging the payment of the claim against relator's account.

The demurrer to the answer admits all of the well pleaded allegations therein contained and it must be assumed to be true, that a hearing on the question of settlement was held on April 1, 1959, that all parties entitled to notice were duly notified and that the various steps detailed were taken as alleged in the answer. Of particular interest here is the fact that after considering the question for five days, the commission made a death award of $6,000 in final settlement, that claimant accepted this and received a check of the state of Ohio in full payment, and all of this was done April 6, 1959.

The first defense is a denial that the commission exceeded its jurisdiction and while the general denial earlier in the answer may have been sufficient, we see nothing harmful in denying specifically an allegation set forth in the petition. That is the main issue in the case. Sec. 4123.65 R. C., contains this provision:

"Before any final settlement agreement is approved by the industrial commission, application therefor shall be made to the commission. * * *"

Relator contends that the agreements above referred to must be made by someone other than the commission and infers that it refers to agreements between the claimant and employer and that the commission lacks jurisdiction to consider any other kind of final settlement. This narrow interpretation is not supported by other provisions of the law dealing with this subject. For example, in §4121.12.1 R. C., the administrator at any time may recommend to the commission a final settlement whether or not the claim is then pending before the commission. Paragraph J of said §4121.12.1 supra, R. C., reads as follows:

"(J) The administrator may at any time recommend to the commission * * * the final settlement of a claim whether or not the claim is then pending before the commission whereupon the commission shall hear and determine the matter in accordance with §§4123.64 and 4123.65 R. C."

Further, in §4121.31.1 R. C., the commission is given general power to determine applications for final settlement, the said section providing in part as follows:

"The industrial commission * * * shall * * * determine applications for final settlements as provided in §§4123.64 and 4123.65 R. C., * * ."

The demurrer to the first defense is not well taken and must be overruled.

The second defense in substance is that the petition was filed too late and that prohibition will not lie to prohibit an order or decision which already has been made. From the facts of the answer, which for the purpose of this demurrer are admitted to be true and the facts as shown in the petition, it appears that every step which could be taken by the commission including the hearing, the decision, the entry of the order, the payment in full of the death warrant, the acceptance by the claimant and the execution of the receipt and release had been fully accomplished three days before the petition was filed. The demurrer to the second defense therefore is not well taken and must be overruled. See State, ex rel. The Ohio Stove Co., v. Coffinberry et al, Industrial Commission of Ohio, 149 Oh St 400, in which the syllabus reads as follows:

"Prohibition will not lie to prevent the enforcement of an order of the Industrial Commission, claimed to have been rendered without jurisdiction, where at the time such writ is sought the order is a fait accompli."

In substance, the third defense is that prohibition will not lie because relator has an adequate remedy at law. Stated another way, it is claimed on behalf of the commission that if relator's premiums in the future are increased illegally, relator may at that time raise the question of illegality thereof. This view finds support in State, ex rel. The Cleveland Co-Operative Stove Co., v. Coffinberry et al, Industrial Commission of Ohio, 150 Oh St 516, in which Hart, J., who wrote the opinion, said at page 523 thereof:

"Finally, relator in the instant case does not allege that its meritrating has been or will be affected by the allowance of Kanz's claim. If that time ever arises, it may assert a remedy at law in resisting a payment of alleged illegal premiums."

The demurrer to the third defense is not well taken and must be overruled.

We observe that the fourth defense is substantially similar to the third defense and that the fifth defense appears to be substantially identical with the first defense. No further discussion of these two defenses need be made. The demurrer to the fourth and fifth defenses will be overruled.

For the reasons above set forth, the demurrer as applied to each of the five defenses set forth in the answer is not well taken and must therefore be overruled. But we are not permitted to stop there for the demurrer searches the whole record and reaches the first pleading defective in substance. This is a well settled rule. There are only two pleadings and we have held that the demurrer is not well taken as to the answer.

In Volume 41 of American Jurisprudence, Pleading, §232, p. 455, it is said:

"It is a familiar rule that a demurrer searches the whole record and will be carried back to the first substantial defect; judgment will be given against the party who committed the first fault in pleading, or which will usually produce the same result, for him who, upon the whole record, appears entitled to judgment."

In **Volume 31, O. Jur., Pleading, §108, p. 670,** it is said:

"Effect of Demurrer to Search Record.—While a demurrer reaches only defects appearing upon the face of pleadings, the court is not restricted to the particular pleading against which a demurrer is directed; it is, on the contrary, an elementary principal of pleading that a demurrer searches the whole record, and reaches the first pleading defective in matter of substance, but does not raise any question as to defects in some matter of form in the earlier pleading. It searches the pleadings of the parties to the end that the judgment shall be given against the party whose pleadings are first defective in substance."

What then of the petition when tested by demurrer? Does it allege facts sufficient to set forth a cause of action in favor of the relator?

We well recognize that the petition and its several allegations must be liberally construed in favor of the pleader when testing it on demurrer.

The petition was filed on April 9, 1959, and by its express terms, seeks to prohibit performance of acts which were fully and finally performed three days before to wit, on April 6, 1959. The hearing on the question of a final settlement was held and concluded on April 1, 1959, after notice to all parties. The decision setting forth the reasons in detail was made and entered upon the journal of the commission on April 6, 1959, and on the same date the terms of the settlement were accepted by the claimant who executed a release and receipt therefor. In addition, the commission caused its check to be drawn and delivered to the claimant. A writ of prohibition cannot prohibit that which has already been fully and finally performed.

The only question remaining relates to the alleged effect of the settlement of the claim upon relator's merit-rating and as we have already pointed out, relator in the event of an illegal increase in premium at some future day, may at that time challenge such increase.

We conclude therefore that relator's petition fails to set forth a cause of action and must be dismissed at the costs of the relator and the temporary injunction heretofore issued must be dissolved.

DUFFY, J, concurs.
MILLER, J, not participating.