THE STATE, EX REL. CULLY, APPELLANT, *v.* FLANAGAN, APPELLEE.

[Cite as State, ex rel. Cully, *v.* Flanagan (1990), 50 Ohio St. 3d 180.]

(No. 89-1656—Submitted January 9, 1990—Decided April 18, 1990.)

*Marie E. Cully, pro se.*

*Nick Tomino,* director of law, and *Sheryl King-Benford,* for appellee.

*Per Curiam.* Cully contended in her complaint that Flanagan had no jurisdiction or authority to proceed with the eviction prior to the adjudication of plaintiff's counterclaim by the trial court, and that she had no adequate remedy at law because she could not appeal her eviction in the forcible entry and detainer case as there was no final appealable order. An action in prohibition will lie only if three conditions are met. These conditions are: "* * * (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law. * * *" *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, 69 O.O. 2d 396, 320 N.E. 2d 286, paragraph one of the syllabus.

Based on the decisions in two analogous cases, the court of appeals found that the first condition for an action in prohibition was not met because Flanagan's enforcement of the writ of restitution in the forcible entry and detainer action was only a ministerial act, not a judicial or quasi-judicial act. See *State, ex rel. Moss,* v. *Clair* (1947), 148 Ohio St. 642, 36 O.O. 258, 76 N.E. 2d 883, and *Waxler* v. *Smith* (1953), 96 Ohio App. 261, 54 O.O. 288, 121 N.E. 2d 655.

We agree with the court of appeals that the bailiff's enforcement of a writ of restitution in the forcible entry and detainer action was not an exercise of judicial or quasi-judicial power. Moreover, Cully may still appeal her eviction in the underlying case. We deem this an adequate remedy at law.

Therefore, we hold that the court of appeals appropriately dismissed the complaint because it appears beyond doubt from the complaint that Flanagan, as bailiff, was not performing a judicial or quasi-judicial act. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.