{¶ 1} Timothy Wilson filed this action in prohibition, seeking a writ which compels the Attorney General of Ohio to stop collecting a judgment entered against him.
 {¶ 2} The case was referred to a magistrate to conduct appropriate proceedings. The magistrate recommended in a magistrate's decision that we dismiss the complaint filed by Mr. Wilson. (Attached as Appendix A.) Mr. Wilson has not filed objections to the magistrate's decision.
 {¶ 3} No error of law or fact is present on the face of the magistrate's decision. We therefore adopt the recommendation in the magistrate's decision that we dismiss the complaint and deny the requested writ.
Writ denied.
PETREE and KLATT, JJ., concur.
 IN PROHIBITION ON MOTION TO DISMISS {¶ 4} In this original action in prohibition, relator, Timothy Wilson, names the Ohio Crime Victims Reparations Fund (the "Fund") as respondent. In his request for relief, however, he asks that the court order the Ohio Attorney General, Betty D. Montgomery, to cease collecting monies from his inmate account to satisfy a judgment entered against him in Franklin County Common Pleas Court.
 {¶ 5} On August 29, 2002, the Fund filed a motion to dismiss. For the following reasons, the magistrate recommends that the court grant the motion.
 {¶ 6} Allegations made by Relator in the Complaint:
1. Relator states that he was convicted of murder and attempted murder, and has been incarcerated in Ohio since sentencing in 1997.
2. Under the state law providing for reparations to victims of crime, two claimants filed applications regarding relator's crimes. The Court of Claims granted awards to victims totaling $8,108.15.
3. In 1999, the following plaintiff commenced a civil action against relator in Franklin County Common Pleas Court: "State of Ohio; Crime Victims Reparations Fund, Through Attorney General Betty D. Montgomery." In this action, the Fund was seeking reimbursement from Wilson pursuant to claimed rights of subrogation.
4. The common pleas court granted judgment against relator in the amount of $8,108.15, plus costs and interest.
5. Relator states that he appealed to this court, Ohio State Crime Victims Reparations Fund v. Wilson, case number 99AP-1139, but that his appeal was unsuccessful.
6. The plaintiff then sought to collect the amount of the judgment.
7. Relator states that monies are being taken from his inmate account to satisfy the judgment.
8. In his complaint in prohibition, relator states that he is seeking a 90 day period of time during which no money is collected, to permit him to contest in the Ohio Supreme Court the legality of the statute under which the money is being taken from his account. He asks the court to halt the Attorney General from garnishing the funds in his inmate account.
Conclusions of Law:
 {¶ 7} The magistrate recommends that the court dismiss the present action for several distinct reasons.
 {¶ 8} First, relator has not paid filing fees nor fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments. The complaint is not accompanied by a certification from the institutional cashier setting forth the amount in the inmate's account for the past six months. Compliance with the provisions of R.C.2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 9} Moreover, even if the factual allegations are all accepted as accurate, the complaint does not state a claim on which relief in prohibition may be granted. In order to obtain the extraordinary remedy of a writ of prohibition, relator must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) that exercise of that power is unauthorized by law; and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357; State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335. A writ of prohibition prevents a tribunal from proceeding in a matter it is not authorized to hear. Marsh v. Goldthorpe (1930), 123 Ohio St. 103, 106. As such, it may be invoked only to prevent a future act and not to undo an act that has already been performed. Id.; see, also, State ex rel. Moss v. Clair (1947),148 Ohio St. 642.
 {¶ 10} The magistrate, accepting the factual history provided in the complaint, nonetheless concludes that relator cannot prove the three requisite elements as a matter of law. First, the Fund does not have judicial or quasi-judicial authority, and the allegations do not indicate that the Fund is about to exercise judicial or quasi-judicial authority.
 {¶ 11} Second, the attorney general, who is not named as a party, is not a judicial officer and does not have judicial or quasi-judicial authority. Likewise, the allegations do not indicate that the attorney general is about to exercise judicial or quasi-judicial authority. Rather, the complaint indicates that the attorney general served as the representative of the Fund when the Fund filed a civil action against relator.
 {¶ 12} According to the complaint, the only exercises of judicial or quasi-judicial power took place when the Court of Claims ruled on the reparations applications and when the common pleas court ruled on the civil action filed by the Fund. Those actions have ended, however, resulting in final orders, and there appears to be no state officer about to exercise judicial or quasi-judicial power.
 {¶ 13} Third, it appears from the allegations in the complaint that the correctional institution is making deductions from relator's account. However, no officers of the institution are named as respondents, nor was the Ohio Department of Rehabilitation and Corrections named as a party.
 {¶ 14} Fourth, as to the third required element, the magistrate notes that the complaint alleges a judgment from the common pleas court adverse to relator, followed by an appeal. Relator thus had the opportunity to present on appeal any defects in the judgment of the common pleas court. Accordingly, relator had an adequate remedy at law to challenge the statute, and extraordinary relief in prohibition is not warranted.
 {¶ 15} Each of these reasons separately supports a dismissal of the present complaint in prohibition. The magistrate recommends that the court grant the motion to dismiss filed by respondent on August 29, 2002.