OPINION
{¶ 1} Appellant, Mr. Dan Kaleal and All Occasion Limousine, Inc., appeals from the April 12, 2007 judgment entry of the Lake County Court of Common Pleas, which denied his motion for relief from judgment. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} This appeal originates from an employee workman's compensation claim that was filed by appellee, Mr. Christopher T. Smith ("Mr. Smith"), an employee of appellant, Mr. Dan Kaleal, dba All Occasion Limousine, Inc. ("Mr. Kaleal"), with appellee, William E. Mabe, Administrator of the Bureau of Worker's Compensation ("BWC").
 {¶ 4} Mr. Smith filed a notice of appeal from the BWC's denial of his claim and a complaint in the Lake County Court of Common Pleas on December 12, 2005, naming both BWC and Mr. Kaleal as defendants. The clerk of court properly served BWC and Mr. Kaleal by certified mail. The return receipt evidencing service upon Mr. Kaleal was returned and filed on December 27, 2005. Although the record reflects that Mr. Kaleal defended the claim at the administrative level, he failed to file an answer or otherwise enter an appearance in this case.
 {¶ 5} On January 25, 2006, BWC through the Attorney General's Office sent Mr. Kaleal a letter informing him that BWC was a co-defendant in this case, that Mr. Kaleal had the right to retain counsel, and that if he decided to retain private counsel to have his counsel contact BWC. If Mr. Kaleal choose not to retain private counsel, BWC requested that Mr. Kaleal contact them to assist in the preparation of a defense to Mr. Smith's claim. Mr. Kaleal did not respond to this letter. In addition, Mr. Kaleal was served a notice of service of interrogatories directed to plaintiff on January 25, 2006, at *Page 3 
a correct address, and he was also serviced a notice of service of discovery by Mr. Smith on April 13, 2006, at a correct address.
 {¶ 6} The court sent notice to all the parties on May 15, 2006, that the case was set for a jury trial on August 7, 2006. However, as the case proceeded to trial, Mr. Smith and BWC reached a settlement agreement that was ultimately accepted by the court on August 15, 2006. Thus, the court dismissed the case with prejudice by agreement of the parties.
 {¶ 7} Mr. Kaleal then filed a motion to terminate the settlement agreement on February 15, 2007. The court construed the motion to terminate the settlement agreement as a motion seeking relief from judgment, pursuant to Civ.R. 60(B). On April 12, 2006, the court denied Mr. Kaleal's motion since he did not assert any specific reason that would entitle him to relief from judgment, nor did his argument of improper service have any merit as the court found that Mr. Kaleal was properly served by certified mail, was sent a notice of service of discovery by Mr. Smith, and further, was sent a hearing notice by the court, all at his correct address. The court ultimately determined that Mr. Kaleal failed to meet his burden under Civ.R. 60(B) since he did not present any operative facts in the motion; and failed to present a meritorious defense.
 {¶ 8} Mr. Kaleal now timely appeals and raises two assignments of error:
 {¶ 9} "[1.] The Court erred when it denied the appellant's Civil Rule 60 Motion on the grounds that Appellant failed to support the motion with operative facts.
 {¶ 10} "[2.] The Court erred when it denied Appellant's [sic] motion to terminate settlement agreement when the court allowed the parties to settle without notice to an [sic] Appellants." *Page 4 
 {¶ 11} Standard of Review
 {¶ 12} "At the outset, we note that an order denying a motion for relief from judgment is reviewed by this court under an abuse of discretion standard." Len-Ran, Inc. v. Erie Insurance Group, 11th Dist. No. 2006-P-0025, 2007-Ohio-4763, ¶ 15, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. "An abuse of discretion implies that the trial court's attitude was `unreasonable, arbitrary, or unconscionable.'" Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. "Because Civ.R. 60(B) is remedial in nature, courts should liberally interpret motions for relief so that a case may be decided on the merits. Colley v. Bazell (1980), 64 Ohio St.2d 243, 248." Id., citingSteward v. Heard, 2d Dist. No. 20787, 2005-Ohio-5241, ¶ 10.
 {¶ 13} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 14} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) *Page 5 
and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 15} Furthermore, "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Len-Ran, Inc. at ¶ 19, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 16} "Failure to satisfy any one of the three prongs of theGTE decision is fatal to a motion for relief from judgment." Id. at ¶ 20, citing Rose Chevrolet, Inc. at 20.
 {¶ 17} Relief from Judgment
 {¶ 18} Since Mr. Kaleal's arguments are intertwined, we will address his assignments of error together. In his first assignment of error, Mr. Kaleal contends that the trial court erred when it denied his motion for relief from judgment on the grounds that he failed to support the motion with operative facts. Specifically, Mr. Kaleal contends that specific facts were alleged in the motion that warranted a relief from judgment. In his second assignment of error, Mr. Kaleal contends that the trial court erred in denying his motion since he did not receive proper notice of the settlement proceedings or that the case was dismissed by the court. For the following reasons, we find these contentions to be without merit. *Page 6 
 {¶ 19} Mr. Kaleal first contends that BWC and Mr. Smith were without authority to settle Mr. Smith's claim without his consent. However, "[generally, [BWC] has the authority to settle a workers' compensation claim, even if the employer does not agree." Turner v. Chagrin PlasticMethods, 11th Dist. No. 89-L-13-001, 1989 Ohio App. LEXIS 4461, 10, citing State, ex rel. Gem Coal Co. v. Young (1959), 109 Ohio App. 457. In State, ex. rel. Gem Coal Co., the Tenth District Court of Appeals "denied a writ of prohibition to stop the enforcement of a settlement. The court emphasized that the employer's remedy under those circumstances was against the commission in contesting any increase in its contribution." Id.
 {¶ 20} Mr. Kaleal next contends that he was never served in this case. The record reflects, as the trial court rightly determined, that Mr. Kaleal was served with the complaint by certified mail, which was returned and properly included in the record. There was no confusion as to the identity of the parties, even though Mr. Kaleal was served as "Kaleal Dan All Occasion Limousine." Further, Mr. Kaleal defended this claim at the administrative level and appeared at the hearings, thus, this argument is simply without merit.
 {¶ 21} In addition to being properly served, BWC contacted Mr. Kaleal to collaborate on a defense in a letter dated January 25, 2006. On the same day, Mr. Kaleal was sent a notice of service of interrogatories directed to plaintiff. On April 14, 2006, Mr. Smith sent Mr. Kaleal a notice of service of discovery and on May 15, 2006, the court sent a letter to all the parties informing them that the matter was set for a jury trial on August 7, 2006. All of these notices were sent to the correct address. Mr. Kaleal, however, chose not to answer, either in court, or to BWC's request to assist in a *Page 7 
defense, either by himself, or through his counsel. In fact, Mr. Kaleal chose not to participate in the suit, and BWC and Mr. Smith ultimately settled the claim before the claim proceeded to trial.
 {¶ 22} We find no abuse of discretion in the trial court's determination that Mr. Kaleal's motion failed to allege any operative facts that would warrant a relief from judgment. In the affidavit attached to his motion, Mr. Kaleal asserted that he was improperly served since the notices and correspondences sent to his address were captioned "Kaleal Dan All Occasion Limousine." Thus, because the caption did not read "All Occasion Limousine, Inc.," Mr. Kaleal argues that he did not receive proper notice, even though he acknowledges receiving them at the proper address. He also averred that he was never contacted by BWC to defend this claim, although BWC sent him a letter on January 25, 2006 for this very purpose. He further alleged that he contacted BWC regarding a video of Mr. Smith's ability to work, but he did not further substantiate this claim. Thus, we cannot say that the trial court abused its discretion in finding that Mr. Kaleal's motion failed to state an operative fact that would warrant relief, especially since he was properly served and yet failed to make an appearance in this case.
 {¶ 23} Finally, Mr. Kaleal contends that he was not served with notice of the settlement as required by R.C. 4123.522 and R.C. 4123.512(C), (E), and (G). As the attorney general rightly remarks, we too are baffled by Mr. Kaleal's reliance on these statutory provisions, which are simply not applicable to his argument that notice of settlement was required in this case. However, we do note that, in a case apposite to the one at bar, Jones v. Action Coupling Equipment, Inc.,98 Ohio St. 3d 330, 2003-Ohio-1099, ¶ 13, the Supreme Court of Ohio held that the notice requirement of *Page 8 
settlements to an employer pursuant to R.C. 4123.65 do not apply where a settlement is reached between the claimant and the administrator during court litigation initiated under R.C. 4123.512.
 {¶ 24} Mr. Kaleal's first and second assignments of error are without merit.
 {¶ 25} The judgment of the Lake County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1