STATE, ex rel. JOHNSON, Relators, v. HARTER, Judge, Respondent.

Ohio Appeals, Tenth District, Franklin County.

No. 6056. Decided November 4, 1958.

Warren E. Insley, City Atty., Worthington, Russell S. Welch, Special Counsel, James M. Brennan, Columbus, for relators.

Robert G. Farmer, John E. Polcich, Columbus, as Intervenors on behalf of Edward J. Lewis.

**OPINION**

By BRYANT, J.

James E. Johnson, as City Manager of Worthington, Ohio, and the city of Worthington, have filed a petition in this court for writ of prohibition naming as respondent, Judge Joseph M. Harter of the Common Pleas Court of Franklin County, Ohio.

Judge Harter is presiding in an action brought by Edward J. Lewis against James E. Johnson, City Manager of Worthington and the City of Worthington.

It appears that Lewis who was Chief of Police of Worthington, on October 17, 1958, submitted his resignation effective November 1, 1958, to Johnson, as City Manager, whereupon Johnson appointed Lieut. George Shapter as acting Chief of Police and accepted Lewis' resignation. On October 30, 1958, Lewis withdrew his resignation and on the same date he was informed by Johnson that the withdrawal was rejected.

It appears that at 10:09 A. M., Monday, November 3, 1958, Lewis filed a petition in mandamus in the Common Pleas Court against Johnson and the City of Worthington praying for a preemptory writ of man-

damus commanding Johnson to reinstate and restore him to the office of Chief of Police of Worthington and to certify said restoration to the said Civil Service Commission of Worthington. Lewis also prayed for $5,000 attorneys' fees and $10,000 in damages.

Judge Harter signed an order allowing an alternative writ returnable at 2:30 P. M., Monday, November 3, 1958 or less than five hours after the time the petition was filed. The official file does not show the time of service of the summons but it was stated that it was nearly noon when it was received by the City Manager.

Apparently the City Manager and the City Attorney appeared before Judge Harter at 2:30 P. M., November 3, 1958, and requested a continuance to permit them to file a demurrer or answer to investigate the law of the case and to contact and interview witnesses, all of which were refused by Judge Harter. The hearing commenced at 2:30 P. M., November 3, 1958, and continued until approximately 4:00 P. M., after which the case was recessed until 9:00 A. M., Tuesday, November 4, 1958.

In the meantime, application was made to this court for the allowance of an alternative writ of prohibition and the matter was set down for hearing at 8:30 A. M., Tuesday, November 4, 1958, with notice to counsel on both sides.

At the time of hearing, Ernest Bryant, bailiff for Judge Harter, was present in the court room. This court extended to Judge Harter through his bailiff the opportunity to have counsel. Judge Harter declined.

Several witnesses were examined and their testimony indicated that no grave emergency appears to exist in the police department or in the field of safety of the City of Worthington.

The sole question is whether or not an order should issue prohibiting Judge Harter from proceeding with this case until he has allowed counsel for the City Manager and the City of Worthington an opportunity to prepare their case. They have indicated they desire from two weeks to one month continuance. We are not unmindful of the predicament facing counsel for the City of Worthington but the fact remains that the granting or denying of a continuance is a matter within the sound discretion of the trial court. The statutes grant to the Common Pleas Court the unquestioned right to issue a preemptory writ of mandamus without any hearing whatsoever, in which case the remedy of the City of Worthington would be by appeal. The fact that the court did allow a hearing before granting the final order is to extend the exercise of restraint by the court.

Furthermore, the use of the writ of prohibition is not favored in the law and it will issue only in the clearest types of cases where there is no other remedy available. It would appear that if the refusal of a continuance in this case amounts to an abuse of discretion that the full rights of the City of Worthington may be adequately protected by suitable and timely applications and motions for continuance with exceptions being reserved.

The decision in this case is not an easy one to make but considering the sharp limitations imposed upon prohibition, this court feels that it lacks the authority to issue an alternative writ of prohibition in this case.

The foregoing decision was given by Bryant, J., sitting alone upon application of relators for the issuance of an alternative writ of prohibition and said application is hereby overruled and denied by Bryant, J.