Bell, J.
 

 The sole question for determination is, did the Court of Appeals err in its conclusions and judgment?
 

 Although the relatrix prays for a writ of mandamus and a writ of prohibition, this case must stand or fall upon her right to the issuance of a writ of mandamus for the reason that if the Common Pleas Court is commanded to restore the cause pending therein to the law side of the court no authority exists for the appointment of a referee. The statute grants authority to appoint a referee only in cases in which the parties are not entitled to a trial by jury. (Section 11476, General Code.)
 

 
 *613
 
 Mandamus is a statutory proceeding and is provided ■for in Section 12283
 
 et seq.,
 
 General Code.
 

 Section 12283, General Code, provides:
 

 “Mandamus is a writ issued, in the name of the .state, to an inferior tribunal, * * * commanding the performance of an act which the law especially enjoins as a duty resulting from an office * * *.”
 

 Section 12285, General Code, provides:
 

 “The writ may require an inferior tribunal to exercise. its judgment, or to proceed to discharge any of its functions, but it cannot control judicial discretion.”
 

 Section 12287, General Code, provides:
 

 “The writ must not be issued in a ease where there is a plain and adequate remedy in the ordinary course ■of the law * * *.”
 

 In
 
 State, ex rel. White,
 
 v.
 
 City of Cleveland,
 
 132 Ohio St., 111, 5 N. E. (2d), 331, this court said:
 

 “A writ'of mandamus will not be issued except to • command the performance of a specific duty enjoined by law, nor will it be issued where there is a plain and .adequate remedy at law.”
 

 In the case of
 
 State, ex rel. First Natl. Bank,
 
 v.
 
 Village of Botkins, ante,
 
 437, it was held in paragraph one of the syllabus:
 

 “To entitle a relator to a writ of mandamus, the record must disclose affirmatively that there is no plain and adequate remedy in the ordinary course of the law. In the absence of such showing the writ will be denied.”
 

 Our attention will be first directed to the question, “Has the relatrix a plain and adequate remedy at law ? ’ ’
 

 In the case at bar there is no claim that the Court of Common Pleas of Cuyahoga county has not acted. The gist of the complaint is that the court has acted erroneously. If that court is in error in proceeding with the cause as one in equity when in fact it is an action at
 
 *614
 
 law, the relatrix has a full and complete remedy by proceeding's on appeal.
 

 The writ of mandamus cannot be made the substitute for a writ of error.
 

 In State,
 
 ex rel. Morgenthaler,
 
 v.
 
 Crites,
 
 48 Ohio St., 460, 28 N. E., 178, syllabus three reads as follows:
 

 “The remedy by mandamus, while appropriate to compel an officer to proceed in a judicial or quasi-judicial matter confided by law to his jurisdiction, cannot be invoked to correct his errors or control his discretion.”
 

 As we view this case the acts of which the relatrix complains are but errors of judgment, if they are errors at all, in a proceeding confided by law to the determination of the court in which the action is pending.
 

 Where an action is pending and undetermined in a court of competent jurisdiction, this court'has no authority to control or indicate what judgment should be rendered by such court upon any question submitted in such cause. On the contrary that court must be left free to enter such orders and judgment as it deems just and proper under the facts and the law. Any party aggrieved by the judgment of the trial court is granted a full and adequate remedy at law.
 

 The relatrix upon this record is not entitled to a writ of mandamus.
 

 We are of the opinion, therefore, that the Court of Appeals did not err in the conclusions reached; that the relatrix has a plain and adequate remedy at law and the judgment of that court denying the writ should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., concur.
 

 Williams, J., not participating.