The State, ex rel. Harris, a Minor, *v.* Common Pleas Court, Division of Probate and Juvenile, et al.

(No. 559—Decided December 28, 1970.)

*Messrs. Boulger & Boulger*, for relator.

*Mr. Kenneth T. Stevens*, for respondent Kenneth T. Stevens, Judge.

*Mr. David Cutright*, prosecuting attorney, for respondent Fred Heinzelman, sheriff.

Gray, P. J. A complaint for an alternative writ of prohibition and a writ of prohibition has been filed in this court invoking the original jurisdiction of the Court of Appeals.

A fifteen-year-old boy, Nicholas C. Harris, is alleged to have killed Russell Riley Ratcliff in Ross County, Ohio. It is alleged in the complaint that the respondent, Kenneth Stevens, judge of the Juvenile Court of Ross County, would, unless restrained by a writ of prohibition, commit Nicholas C. Harris to the Lima State Hospital.

The offense occurred in Ross County. Under these

circumstances the Juvenile Court of Ross County had jurisdiction of the subject matter of the case and also of the person involved therein. On these facts it was the only court which could have had jurisdiction.

We are of the opinion that the three paragraphs of the syllabus of *State, ex rel. Clary,* v. *Probate Court,* 151 Ohio St. 497, are applicable to this case. The three paragraphs are as follows.

"1. A writ of prohibition is not available as a substitute for the remedy of appeal.

"2. Such a writ will not be issued unless it appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause it is attempting to adjudicate, or is about to exceed its jurisdiction.

"3. When the question of jurisdiction is one of fact alone, it is peculiarly within the province of a trial court itself to determine the issue."

Relator is attempting to prevent what he alleges to be the entry of an erroneous judgment of the Juvenile Court. The Supreme Court has answered that question in *State, ex rel. Rhodes,* v. *Solether,* 162 Ohio St. 559, 562, 563:

"Where a court has jurisdiction of the subject matter of a pending action (and it is conceded that the Wood County Court does have such jurisdiction), a writ of prohibition will not be awarded to prevent an anticipated erroneous decision in such action or to function as a substitute for an appeal."

See also *State, ex rel. Central Stores,* v. *Maiden,* 162 Ohio St. 167, and the second paragraph of the syllabus of *State, ex rel. Winnefeld,* v. *Court,* 159 Ohio St. 225.

At this point we wish to state that in every case decided by a judge, in any court, after the parties know of the court's decision, one party believes that the court is about to enter an erroneous judgment. If we adopt the theory of relator, every case would then be decided by the issuance or non-issuance of a writ of prohibition. This is not the office of such writ. It is a high prerogative writ issued only in rare circumstances when there is no adequate remedy

at law available by way of ordinary appeal, and where the court attempts to adjudicate a cause over which it has no jurisdiction.

The lower court has jurisdiction over the person and subject matter in this case and at most, according to relator's theory, it is attempting to enter an erroneous order.

In this connection we wish to cite *State, ex rel. Staton, v. Common Pleas Court,* 5 Ohio St. 2d 17. In that case a judge of the Court of Common Pleas of Franklin County ordered relatrix to undergo an examination by a physician specializing in neurology and psychiatry with the proviso that her counsel be excluded from such examination. Relatrix refused to take such examination. The order was made on the motion of her employer who stated that relatrix had experienced neurological and psychiatric episodes.

In the opinion, written by Judge Paul Herbert, the following statement from 73 Corpus Juris Secundum 33, Prohibition, Section 11, is cited with approval:

"Prohibition is a writ which attacks, or raises or tests, *only the question of the jurisdiction of the court.*" (Emphasis added.)

We have pointed out above that Judge Stevens, the respondent, has both jurisdiction over the subject matter and the person of the relator. This position has not been challenged by the relator.

The court in *Staton,* speaking through Judge Herbert, at page 22, further said:

*"There is available to the relatrix an appellate review of the proceedings and orders of the respondent Court of Common Pleas. Prohibition is not concerned with the exercise of discretion by an inferior tribunal having jurisdiction of the subject matter and the parties in a cause before it. That issue is for the determination of a reviewing court.*

*"This court, in this action in prohibition, is not concerned with the determination of the matter of the examination of the relatrix, whether physical or mental or neither. Whatever order the respondent Court of Common Pleas may enter in the matter of this examination is subject to the orderly procedure of appellate review.*

"We are unable to find any occasion for the issuance of a writ of prohibition in the record of the case at bar." (Emphasis added.)

For these reasons relator has not stated a cause of action in his complaint and it will, therefore, be dismissed.

*Complaint dismissed.*

ABELE, J., concurs.

STEPHENSON, J., concurring. I concur in the judgment of dismissal of relator's complaint for a writ of prohibition. The pivotal question urged by relator is this case is that, as *a matter of law*, the Juvenile Court lacks jurisdiction to enter the proposed order.

Relator urges that the Ross County Common Pleas Court, juvenile division, is a court of limited jurisdiction in the exercise of the jurisdiction conferred under R. C. 2151 and no presumption of jurisdiction is applicable as to a court of general jurisdiction. Support for this argument can be found in *State, ex rel. Shonk,* v. *Crist,* 114 Ohio App. 304, and *State, ex rel. Smilack,* v. *Bushong,* 93 Ohio App. 201.

Respondents claim, in part, authority to commit under R. C. 2945.40 which is located in the adult criminal code and provides for commitment in any case where insanity is set up as a defense or in which present insanity is under investigation. I agree with relator that this section provides no jurisdictional basis in this case, for the reason that nowhere in R. C. 2151 is any reference to R. C. 2945.40 set forth and for the additional reason that the purposes of commitment under R. C. 2151.26 are for distinct and different purposes than those under R. C. 2945.40.

This court is given jurisdiction in prohibition by Section 3, Article IV of the Ohio Constitution. The writ is not defined in the Constitution nor has it been the subject of legislation and its issuance is controlled by common law principles. *State, ex rel.,* v. *Vickery,* 121 Ohio St. 49.

With respect to the principles summarized in 44 Ohio Jurisprudence 2d, Prohibition, Sections 8 and 9, it is stated

that prohibition is a preventive writ, designed to prevent a tribunal from exercising a jurisdiction with which it has not been invested by law, or exceeding its jurisdiction where it possesses limited jurisdiction. The principles controlling its issuance are:

(1) that the court is about to exercise judicial power;

(2) that the exercise of such power is unauthorized by law;

(3) that it will result in injury for which no adequate remedy exists;

(4) that if it is a borderline or doubtful case it should not issue; and

(5) it may not issue as a substitute for appeal, or prevent a court from adjudicating where it is authorized to adjudicate.

In applying these principles it is important to observe to what point the proceeding below has progressed. The proceeding is under R. C. 2151.26 entitled "relinquishment of jurisdiction for purpose of criminal prosecution." A complaint was filed against relator alleging the child to be delinquent by reason of having committed an act which would constitute a felony if committed by an adult—to wit, murder—and it has already been adjudicated that (1) the child was more than fifteen years of age and (2) that there exists probable cause to believe the child committed the act alleged in the complaint. R. C. 2151.26 provides for additional determinations. It states in part:

"(3) After an investigation including a mental and physical examination of such child made by the Ohio Youth Commission, a public or private agency, or a person qualified to make such examination, that there are reasonable grounds to believe that:

"(a) He is not committable to an institution for the mentally retarded or mentally ill;

"(b) He is not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(c) The safety of the community requires that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority."

The amendment of R. C. 2151.26 to its present form was a direct response to *Kent* v. *United States*, 383 U. S. 541, wherein the waiver of jurisdiction over a juvenile is described as a "critically important" action and such procedure must satisfy the basic requirements of due process and fairness. See the discussion by Judge Walter G. Whitlatch in XLII Ohio Bar No. 43.

Under the facts of this case, it appears a commitment to the Ohio Youth Commission has previously been made but an additional investigation is sought by the Juvenile Court judge to make the required determinations of subsection 3.

The Legislature has utilized the term "a public or private agency." The term is not further defined in the code section nor defined elsewhere in the Revised Code. Certainly, the Legislature intended something by the use of the word "public." Reasonably interpreted, the term "private" is generic in nature and would appear to include agencies operated by private persons for private purposes.

In contra distinction, the use of the word "public," also generic in nature, when viewed in the light of that sought to be accomplished by the "investigation" and the broad grant of authority for that purpose, indicates that the broad and all inclusive meaning was intended and included therein are all agencies of government which would be of assistance to the juvenile court in performing this "critically important" function.

Relator urges, however, that this view is "anomalous" when consideration is given to R. C. 2151.31.2 and 2151.34. I am unable to perceive the merit in this contention. R. C. 2151.31.2 provides that an alleged delinquent may only be detained in certain places but included therein is the provision—"any other suitable place designated by the court." If over the age of fifteen, confinement may be in a jail under certain conditions. R. C. 2151.31.4 provides for a detention hearing if a child is detained.

While relator urges the view that Lima State Hospital is strictly an adult institution, it should be noted that R. C. 2151.355 (H) provides that a delinquent child may be committed there if within the purview of R. C. 2947.25. It

would, indeed, be an anomaly if the institution could be utilized for such indefinite commitment and its use restricted to the limited observation period here in question.

I conclude that Lima State Hospital is within the term "public agency," the Juvenile Court has jurisdiction to authorize such commitment and the writ of prohibition should be denied.

Finally, I would observe that relator can point to no section of the Code prohibiting the proposed action. If it is not clear that Lima State Hospital is within the term "public agency," it is at least arguably within that term. It is a fundamental concept that the writ of prohibition will issue only with great caution and *where the right to it is clear. It should never issue in borderline or doubtful cases. State, ex rel. Stefanick, v. Municipal Court,* 21 Ohio St. 2d 102; *State, ex rel., v. Richards,* 102 Ohio St. 455; *State, ex rel., v. Harter,* 82 Ohio Law Abs. 43; *State, ex rel., v. Macelwane,* 116 Ohio App. 183. The right to the writ not being clear, and, at most, this being a doubtful or borderline case, the writ must be denied.