THE STATE, EX REL. JACOBS, *v.* MUNICIPAL COURT OF
FRANKLIN COUNTY, OHIO, ET AL.

(No. 9860—Decided February 23, 1971.)

Messrs. *Campbell & Hadden,* for relator.
Mr. *C. Howard Johnson,* prosecuting attorney, and *Mr.
George C. Smith,* for respondents Municipal Court of
Franklin County and Kenneth L. Sater.
Messrs. *Thompson & Perrini,* for respondent North-
land Dodge, Inc.
Messrs. *Crabbe, Newlon, Potts, Schmidt, Brown &
Jones,* for respondents Marty Darst and Catherine L.
Pyne.

STRAUSBAUGH, J. This is an action in procedendo arising as a result of the refusal of the Franklin County Municipal Court to certify to the Common Pleas Court an action involving a third-party petition in excess of the monetary jurisdictional limits of the Municipal Court, and wherein the relator requests this court to direct respondents Franklin County Municipal Court and Judge Kenneth L. Sater to vacate the judgment of the trial court and certify the action to the Common Pleas Court.

Procedendo is an action wherein a court of superior jurisdiction orders a court of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what judgment shall be entered. Prohibition is exactly the opposite of procedendo. In neither case does the court attempt to direct definite or specific action. *State, ex rel. Niederlehner,* v. *Mack, Judge* (1932), 125 Ohio St. 559, at 564. The writ of procedendo is, technically, one that is issued in an action that has previously been removed from an inferior court to a superior court by habeas corpus, certiorari, etc., or where an inferior court has without justification refused to take jurisdiction of a case, or to prosecute a case to judgment. The aggrieved party in those instances may apply for a writ of procedendo to direct the inferior court to take charge of the action and proceed to judgment. But if the lower court has already rendered judgment, the petition cannot be used as this would invade the scope of the appellate writs of error, certiorari and appeal. Only when the lower court has refused to render a judgment will the appellate court use its original jurisdiction in procedendo. 7 Ohio St. Law Journal 46.

In this case, the relator was involved in an automobile accident on May 8, 1969, at which time his motor vehicle was damaged and he received certain personal injuries. Relator procured from Northland Dodge, Inc., the company repairing his motor vehicle, a temporary, substitute motor vehicle for which he became obligated to pay the reasonable value of the use thereof. Northland Dodge, Inc., filed a petition in the Franklin County Municipal

Court to collect what it alleges to be the reasonable value of the use of the temporary, substitute vehicle. Relator filed an answer consisting of a general denial and a third-party petition against those individuals responsible for causing his personal injuries and property damage. The amount of damages requested included the amount of the claim for the use of the temporary, substitute automobile. The Municipal Court refused to certify the case, although the amount of the third-party claim was in excess of the monetary jurisdiction of the court, to the Common Pleas Court and instead dismissed the third-party petition.

A number of potential questions are raised, the first of which is whether R. C. 1901.22 applies to third-party petitions. We hold that it does not. Subsection (E) of that section refers only to counterclaims and makes no mention of third-party petitions. No power is given by that section to certify third-party petitions to the Common Pleas Court. This court cannot expand and give power to the Municipal Court that the legislature has failed to grant. An examination of R. C. 2309.71 clearly indicates the reason why the legislature failed to provide for third-party petitions in R. C. 1901.22. The legislature in R. C. 2309.71, entitled Third-Party Practice, provided that a defendant may bring in by petition any person who defendant, as a third-party plaintiff, contends is or may be liable to him for all or part of the plaintiff's claim against him. This section states in part as follows:

"(A) At any time after commencement of an action a defendant, as a third-party plaintiff, may file a petition and cause a summons to be issued and served upon any person, including a co-defendant, who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to file the third-party petition if he files it not later than ten days after he files his original answer."

R. C. 2309.71 provides that a defendant may bring in, by means of a third-party petition, a person who the defendant claims owes him for the amount which the plaintiff seeks to collect from the defendant; however this sec-

tion does not permit the defendant to bring in an additional claim or amount beyond which the defendant is allegedly obligated to plaintiff. An example of this would be a case where there is both primary and secondary liability. The person secondarily liable would be permitted to bring in the person primarily liable for the same obligation and thus avoid the necessity of filing a separate law suit. He could, instead, have the entire matter litigated in one action.

This section does not permit a defendant, in a small suit involving a medical or a car repair bill, to bring in, by third-party petition, a major personal injury claim. This is obviously not what the legislature contemplated, intended or said. To so hold would be to allow the tail to wag the dog. Inasmuch as all that the defendant can do under R. C. 2309.71 is to litigate the issue with regard to whether the third party owes the defendant for the claim of the plaintiff there can never be a situation where the third-party petition can exceed the jurisdictional amount, unless the original petition itself exceeded the jurisdictional amount of the court. Because the third-party petition is limited in amount to that which was sought in the original petition, there is no reason for R. C. 1901.22 to have application to third-party petitions.

If the defendant, as in the instant case, has an additional claim for personal injuries, or if his claim is broader than the mere account which is being sued on, the defendant has an option of bringing the third party into the present suit and litigating the third-party obligation with respect to that account, in which case defendant is limited to the amount of the original petition; or, defendant may choose to waive the filing of the third-party petition and litigate the full claim which he may have against a third party in a separate action. We find, therefore, that R. C. 1901.22 applies only to counterclaims and does not apply to third-party petitions.

It is further provided in R. C. 2309.71 that "any party may move to strike the third-party claim, or for its severance or separate trial."

In the case herein, the third-party defendants filed a

motion to strike the third-party petition and it was sustained by the respondent court. It is alleged in the petition herein and admitted by the answer, that by the third-party petition relator sought recovery in the amount of $15,000. Thus, it is clear that relator sought recovery of damages in addition to recovery of all of the plaintiff's claim against defendant. Accordingly, the third-party petition herein is not a proper third-party petition pursuant to R. C. 2309.71. We assume the ruling of the Municipal Court did not prevent the filing of a proper third-party claim pursuant to R. C. 2309.71, but merely sustained a motion to strike a pleading improperly filed as a purported third-party claim.

Since there is no clear duty upon the respondent court to proceed further with the third-party petition or to certify the cause to the Common Pleas Court, the writ will be denied and the petition dismissed.

*Writ denied.*

WHITESIDE, J., concurs.

TROOP, P. J., concurring separately.

It is with some reluctance that I concur in the result reached by my colleagues. My reluctance is due to my fear that the position taken may tend to limit the scope of, and defeat the purpose for the enactment of R. C. 2309.71, reflected in the presently operative Rule 14, Ohio Rules of Civil Procedure.

Concurrence is required, however, because R. C. 2309.-71, and Rule 14, appear to grant discretion to trial courts when they are confronted with a motion to strike the petition of a third-party plaintiff. The pertinent language of the section, and the rule, is as follows:

"Any party may move to strike the third-party claim, or for its severance or separate trial. If the third-party defendant is an employee, agent, or servant of the third-party plaintiff, the court shall order a separate trial upon the motion of any plaintiff. A third-party defendant may

proceed hereunder against any person [Rule 14 inserts, the words 'not a party to the action' at this point] who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.''

The ''shall'' directive is to order a separate trial if the third-party defendant is an employee, agent, or servant of the third-party plaintiff. Such language seems to imply that in all other situations, disposition of the motion to strike lies within the sound discretion of the trial court.

In the present cause, the third-party petition prayed for an amount in excess of the jurisdiction of the Municipal Court. The disposition of this prayer by the majority opinion establishes another reason for concurrence. The amount prayed for brings into focus R. C. 1901.22 (E), enacted before R. C. 2309.71, or Rule 14. My colleagues are quite correct in their interpretations. To read into R. C. 1901.22 (E) a legislative intention to include a third-party plaintiff's petition would be to expand the concept of counterclaim set out in the section, to such an extent that its effect would be the creation of legislation by judicial decision.

To deny the writ of procedendo in this case for these two specific reasons is not to limit or foreclose the statutory right of the defendant third-party petitioner to have his complaint heard along with the entire matter involved in the negligence claims in an action brought by a party representing only one facet of the case.

A recent decision by the Eighth District Court of Appeals, styled *Kacian* v. *Illes Constr. Co.* (1970), 24 Ohio App. 2d 43, deserves attention. It is interesting to note some basics put down by the court respecting the philosophy of the new statute and rule. Paragraph 2 of the syllabus states in part that R. C. 2309.71 ''* * * permits the defendant to implead a third party who is or may be liable to him for all or part of the original plaintiff's claim and no new and independent jurisdictional ground need exist between the original defendant and the third-party defendant.'' And, paragraph 3 says, ''R. C. 2309.71 should be

liberally construed in order to effectuate its procedural purpose.'' The Cleveland Municipal Court accepted the third-party petition and then sustained a motion to quash service of summons because the defendants named in the third-party petition were not residents of the city of Cleveland. An appeal was taken on this, and other grounds, and the Court of Appeals reversed and remanded the case to the trial court.

In *Kacian,* the trial court followed what seems to be a more acceptable procedure. It made a decision on what it felt was the law applicable to the case before it. Such a decision is the subject of appeal. In contrast, the Municipal Court of Franklin County sustained the motion to strike the third-party petition and refused to take jurisdiction to decide any question of law or fact. Such an order seems an arbitrary decision amounting to a refusal to take jurisdiction.

In this case, I agree, a writ should not issue.