THE STATE, EX REL. OHIO ASSOCIATION OF INSURANCE AGENTS, INC., ET AL., *v*. OHIO DEPARTMENT OF INSURANCE ET AL.

(No. 71-442—Decided March 15, 1972.)

*Messrs. George, Greek, King, McMahon & McConnaughey, Mr. Charles E. Shanklin* and *Mr. George W. Hairston*, for relator.

*Mr. William J. Brown*, attorney general, *Mr. Lawrence A. Berlin, Messrs. Vorys, Sater, Seymour & Pease, Mr. Arthur I. Vorys* and *Mr. Herbert R. Brown*, for respondents.

*Per Curiam.* This is an original action in mandamus. Relators are asking the court to issue a writ to respondent to revoke the insurance agency license of intervenor-respondent, Meuche, Hickman & Snow Agency, Inc., and all other Ohio insurance agencies that are "wholly or partially owned by non-residents of the state of Ohio."

R. C. 3905.01 states, in the first sentence: "No person shall procure, receive, or forward applications for insurance unless he is a resident of this state * * *." The same section also provides that "The action of the superintendent in granting, revoking, continuing, or refusing to grant, revoke, or continue such license shall be subject to review in accordance with Sections 119.01 to 119.13, inclusive, of the Revised Code." R. C. 119.01 to 119.13, inclusive, is entitled the Administrative Procedure Act.

Relators contend that this method of review is not available to them in this instance because R. C. 119.12 first

requires an "adjudication" before an appeal can be made. R. C. 119.01 states that "adjudication * * * does not include the issuance of a license in response to an application with respect to which no question is raised * * *." They argue that since no question was raised when the license was issued no adjudication pertaining thereto has been made.

There is nothing before us to show that relators have sought an adjudication under the Administrative Procedure Act with respect to the continuing jurisdiction of the Department of Insurance under R. C. 3905.01, which in addition to the power to grant licenses gives the department the authority to "revoke, or continue" such licenses.

While we recognize that an adjudication must be a predicate to an appeal, relators have not established that an adjudication has been foreclosed to them.

In *State, ex rel. Phelps,* v. *Gearheart* (1922), 104 Ohio St. 422, this court said, in paragraph one of the syllabus: "An action in mandamus will not lie * * * where the law affords another remedy specifically securing the enforcement of a right or the correction of the wrongs complained of."

Respondent's motion for a judgment on the pleadings, as amended, is sustained and the writ is denied.

*Writ denied.*

HERBERT, CORRIGAN, STERN and BROWN, JJ., concur.

SCHNEIDER, J., concurring. Assuming Justice Leach's careful analysis (see concurring opinion of Leach, J., which follows) is correct, and that the remedy is *quo warranto*, where does this leave the relator? The answer is: At the mercy of the attorney general or a prosecuting attorney. R. C. 2733.04 and 2733.05. Certainly relator cannot claim that the intervenor-respondent is occupying an office or franchise to which the relator alone is entitled. R. C. 2733.06. Accordingly, the *Phelps* case ought to be dis-

approved, in a proper case, because *quo warranto* is far from an adequate remedy. Indeed, the sole authority upon which it is based is *State, ex rel.,* v. *Ackerman* (1894), 51 Ohio St. 163, which was *quo warranto* brought by the attorney general.

My quarrel with the *per curiam* opinion is that it does not spell out plainly what R. C. Chapter 119 requires.

My suggestion is that the superintendent should be notified by relator that a substantial question is raised as to his having granted the license to the intervenor-respondent. If the superintendent agrees with the question and revokes the license, the licensee has a clear right of appeal on the issue. If the superintendent disagrees with the question, his statement of disagreement should constitute an "adjudication" from which the relator has a right of appeal. If the superintendent fails to respond to relator's notice, request or demand, he should be compelled by mandamus to so respond.

Leach, J., concurring. Although the language of R. C. 3905.01, quoted in the majority opinion, is indicative of a legislative intent to provide for "review" under the Administrative Procedure Act, even as to the "granting" of a license by the Superintendent of Insurance, I think it is doubtful whether the statutory language actually employed has effectuated such intent.

Under R. C. 3905.01, such a "review" is provided "in accordance with Sections 119.01 to 119.13, inclusive * * *." The only sections providing for an appeal to a court are R. C. 119.11 and R. C. 119.12. R. C. 119.11 has no possible application, since it provides for appeals from the adoption, amendment or recission of a rule.[1]

The first paragraph of R. C. 119.12 authorizes appeals to the court only from orders *denying* admission to an ex-

---

[1] Note that in *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, this court held that R. C. 119.11 may not be employed to obtain judicial review of quasi-legislative proceedings of administrative officers and agencies.

amination, *denying* the issuance or renewal of a license or *revoking* or *suspending* a license, and thus has no application.

Only the second paragraph of R. C. 119.12 could be considered as even possibly applicable herein. So far as pertinent, it provides: "Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County * * *."

From an examination of the definition of "party," especially when read in conjunction with the definition of "adjudication," it would appear doubtful that relators would qualify as "parties" under the Administrative Procedure Act.[2]

Independently of the applicability or nonapplicability of the Administrative Procedure Act, however, I am of the opinion that *mandamus* does not lie to compel the superintendent to revoke the licenses of third persons. This court specifically so held in *State, ex rel. Phelps,* v. *Gearheart* (1922), 104 Ohio St. 422, referred to in the majority opinion. The full syllabus in that case reads:

"1. An action in mandamus will not lie where the employment of the writ does not give a full and complete remedy, or in a case where the law affords another remedy specifically securing the enforcement of a right or the correction of the wrongs complained of.

"2. In order to test the validity of a license issued to an insurance company, which, in consequence thereof, is exercising a franchise or privilege claimed to be in contravention of law, *quo warranto* furnishes a specific remedy.

[2]R. C. 119.01(D) and 119.01(G) read:

"(D) 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

"(G) 'Party' means the person whose interests are the subject of an adjudication by an agency."

In such an action the writ would issue in a single suit wherein the offending company is a party and where the judgment rendered would bind the real party in interest.''

The fact that *one* company, holding a license sought to be ordered revoked herein, voluntarily entered this case as an ''intervenor-respondent,'' should not affect the applicability of the *Phelps* case herein, and I would sustain the motion of the respondent for judgment on the pleadings on such basis, leaving for future decision the question of the applicability of the Administrative Procedure Act.

O'Neill, C. J., concurs in the foregoing concurring opinion.