THE STATE, EX REL. DOE, *v.* TRACY, JUDGE.

(Nos. CA88-03-021, CA88-03-022 and CA88-03-023—Decided July 25, 1988.)

*Fowler & Rittgers, Thomas T. Cole* and *Charles H. Rittgers,* for relator.
*Timothy A. Oliver,* prosecuting at-

torney, and *Michael E. Powell,* for respondent.

*Per Curiam.* Plaintiff-relator, John Doe, an unnamed juvenile, has initiated original actions in procedendo, mandamus and prohibition against defendant-respondent, Honorable John B. Tracy, Judge of the Warren County Court of Common Pleas, Juvenile Division. In order to facilitate discussion of the issues involved, the three actions have been consolidated for review.

On December 16, 1987, three complaints were filed in the Warren County Court of Common Pleas, Juvenile Division, alleging relator to be a delinquent child by reason of having committed acts which, had such acts been committed by an adult, would constitute the crimes of murder, arson, and obstructing justice. In each of the three cases, the state of Ohio requested that respondent relinquish jurisdiction so that relator could be tried as an adult. A preliminary hearing was held and respondent found probable cause to believe that relator committed the acts alleged and that such acts would constitute felonies if committed by an adult. Respondent ordered that relator be held in detention pending adjudication or further proceedings for relinquishment of jurisdiction.

On January 11, 1988, respondent ordered a mental examination of relator pursuant to Juv. R. 30(B). Dr. Russell W. Dern conducted the examination and submitted his report to respondent on February 5, 1988. The state then moved for a second mental examination by a psychologist of the state's choosing. A hearing was had on this motion on February 22, 1988, and relator indicated that he wished to waive the second mental examination pursuant to R.C. 2151.26(C) and Juv. R. 30(F). Respondent refused to accept relator's waiver, granted the state's motion, and ordered a second mental examination.

On February 23, 1988, relator was transported to the Butler County Center for Forensic Psychiatry, but he refused to answer any questions upon the advice of counsel. On March 9, 1988, relator was found in contempt for his refusal to submit to the second mental examination and respondent ordered that further hearings on the motion to relinquish jurisdiction be continued indefinitely until relator purged himself of the contempt. Relator then filed the instant actions in procedendo, mandamus and prohibition. Respondent answered and moved to dismiss all three actions.

Procedendo, mandamus and prohibition are all high prerogative writs of an extraordinary nature. *State, ex rel. Ratliff,* v. *Marshall* (1972), 30 Ohio St. 2d 101, 59 O.O. 2d 114, 282 N.E. 2d 582 (procedendo); *State, ex rel. Brown,* v. *Bd. of Cty. Commrs.* (1970), 21 Ohio St. 2d 62, 50 O.O. 2d 159, 255 N.E. 2d 244 (mandamus); *State, ex rel. Harris,* v. *Common Pleas Court* (1970), 25 Ohio App. 2d 78, 54 O.O. 2d 115, 266 N.E. 2d 589 (prohibition). Therefore, before any such writ may issue, it must be clear that the party applying for relief has no adequate remedy in the ordinary course of the law. *Id.* In each of the three actions at bar, respondent contends that relator has an adequate remedy at law by way of an appeal of the contempt citation.

In *Cooper* v. *Cooper* (1984), 14 Ohio App. 3d 327, 14 OBR 394, 471 N.E. 2d 525, the Cuyahoga County Court of Appeals dismissed an appeal from a finding of contempt and held as follows:

" 'Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine. Until both a finding of contempt is made and

a penalty imposed by the court, there is not a final order. The mere adjudication of contempt is not final until a sanction is imposed.' " *Id.* at 328-329, 14 OBR at 395, 471 N.E. 2d at 526, quoting *Chain Bike* v. *Spoke 'N Wheel, Inc.* (1979), 64 Ohio App. 2d 62, 64, 18 O.O. 3d 43, 44, 410 N.E. 2d 802, 803.

Here, respondent found relator in contempt of court for refusing to comply with the second mental examination. However, respondent did not impose any specific penalty or sanction. Instead, respondent continued the proceedings indefinitely until relator purged himself of the contempt. Since no penalty or sanction, such as a sentence or fine, was imposed, the adjudication of contempt never became a final order from which relator could appeal. *Cooper, supra*; R.C. 2505.02. Accordingly, relator has no remedy at law by way of an appeal, and his applications for extraordinary relief are properly before this court.

## I

In Warren App. No. CA88-03-021, relator seeks a writ of procedendo. A writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a case before it. *State, ex rel. Ratliff, supra.* The writ will not lie, however, to control or interfere with the inferior court's normal procedures or its determination as to what that judgment should be. *State, ex rel. Utley,* v. *Abruzzo* (1985), 17 Ohio St. 3d 203, 17 OBR 439, 478 N.E. 2d 789; *State, ex rel. St. Sava Serbian Orthodox Church of Cleveland,* v. *Riley* (1973), 36 Ohio St. 2d 171, 65 O.O. 2d 395, 305 N.E. 2d 808. The writ is proper where a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State, ex rel. Wallace,* v. *Tyack* (1984), 13 Ohio St. 3d 4, 13 OBR 379, 469 N.E. 2d 844; *State, ex rel. Jacobs,* v.

*Municipal Court* (1971), 26 Ohio App. 2d 113, 55 O.O. 2d 245, 269 N.E. 2d 629, affirmed (1972), 30 Ohio St. 2d 239, 59 O.O. 2d 298, 284 N.E. 2d 584. Thus, where an inferior court has improperly continued proceedings before it, and thereby delayed final judgment, a superior court may, by writ of procedendo, order the inferior court to dissolve the continuance and proceed to final judgment. See *State, ex rel. Wallace, supra; State, ex rel. Davey,* v. *Owen* (1937), 133 Ohio St. 96, 10 O.O. 102, 12 N.E. 2d 144.

In the case at bar, relator contends that the contempt citation and the resulting continuance were improper because such actions infringe upon his statutory right to waive the mental examination and his constitutional right to remain silent. Relator's statutory claim is based upon R.C. 2151.26,[1] which reads in pertinent part:

"(A)(1) Except as provided in division (A)(2) of this section, after a complaint has been filed alleging that a child is delinquent by reason of having committed an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"(a) The child was fifteen or more years of age at the time of the conduct charged;

"(b) There is probable cause to believe that the child committed the act alleged;

"(c) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make the examination, that there are reasonable grounds to believe that:

---

[1] Similar provisions are set forth in Juv. R. 30.

"(i) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(ii) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority.

"* * *

"(C) The child may waive the examination required by division (A)(1)(c) of this section, if the court finds the waiver competently and intelligently made. Refusal to submit to a mental and physical examination by the child constitutes waiver of the examination."

R.C. 2151.26(A)(1)(c) clearly authorizes the mental and physical examination of the child in cases where relinquishment of jurisdiction is an issue. However, this subsection makes it equally clear that the decision to submit to or waive the examination rests ultimately with the child. The only requirement is that any waiver must be competently and intelligently made. See *State* v. *Revels* (June 30, 1986), Butler App. No. CA85-06-069, unreported. Accordingly, where the child competently and intelligently waives the mental and physical examination, the court must complete its investigation without it. Any attempt on the part of the court to secure such an examination over a valid waiver would be unreasonable and would constitute an abuse of discretion.

Here, relator's waiver was made with the advice of counsel at the conclusion of a hearing on the state's motion for a mental examination. There has been no assertion, and there is no indication from the record, that relator's waiver was not competently and intelligently made. Therefore, we conclude that relator executed a valid waiver and that respondent's attempt to secure a mental examination by holding relator in contempt and continuing the proceedings until relator submitted to the examination constituted an abuse of discretion.

In light of the foregoing analysis, we find that the proceedings below were improperly continued and that a writ of procedendo is warranted. See *State, ex rel. Wallace, supra; State, ex rel. Davey, supra.* As this resolution is dispositive of Warren App. No. CA88-03-021, we find it unnecessary to address relator's constitutional arguments. *Bd. of Edn.* v. *Brunswick Edn. Assn.* (1980), 61 Ohio St. 2d 290, 297, 15 O.O. 3d 352, 356, 401 N.E. 2d 440, 445; *McClung* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 149, 154, 75 O.O. 2d 197, 199-200, 346 N.E. 2d 691, 694. Respondent's motion to dismiss the action in procedendo is denied.

## II

In Warren App. No. CA88-03-022, relator seeks a writ of mandamus. "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Under the proper circumstances, mandamus is an appropriate remedy to compel an inferior tribunal to proceed in a matter within its jurisdiction. *State, ex rel. McCamey,* v. *Court of Common Pleas* (1943), 141 Ohio St. 610, 26 O.O. 176, 49 N.E. 2d 761. However, " 'mandamus will not lie * * * where the law affords another remedy specifically securing the enforcement of a right or the correction of the wrongs complained of.' " *State, ex rel. Ohio Assn. of Ins. Agents,* v. *Dept. of Ins.* (1972), 29 Ohio St. 2d 188, 189, 58 O.O. 2d 401, 402, 281 N.E. 2d 9, 10, quoting *State, ex rel. Phelps,* v. *Gearheart*

(1922), 104 Ohio St. 422, 135 N.E. 606, at paragraph one of the syllabus.

In the case at bar, it is apparent that the ultimate relief sought by relator is an order from this court requiring respondent to proceed to judgment on the state's motion to relinquish jurisdiction. Under such circumstances, procedendo is the more appropriate remedy to pursue. See 1 Whiteside, Ohio Appellate Practice (1987), Section 47.03. Therefore, as we have allowed the writ of procedendo, relator's application for a writ of mandamus is denied and that action is dismissed.

### III

In Warren App. No. CA88-03-023, relator seeks a writ of prohibition. Prohibition is a writ designed to prevent a tribunal from proceeding in a matter in which it is not authorized to hear and determine, or in which it seeks to usurp or exercise jurisdiction with which it has not been invested by law. *State, ex rel. Ray,* v. *Burns* (1963), 174 Ohio St. 543, 23 O.O. 2d 209, 191 N.E. 2d 153; *State, ex rel. Merion,* v. *Court of Common Pleas* (1940), 137 Ohio St. 273, 18 O.O. 40, 28 N.E. 2d 641. Thus, "[a] writ of prohibition may be awarded only to prevent the unlawful usurpation of jurisdiction and does not lie to prevent the enforcement of a claimed erroneous judgment previously entered * * *." *State, ex rel. Moss,* v. *Clair* (1947), 148 Ohio St. 642, 36 O.O. 258, 76 N.E. 2d 883, syllabus; see, also, *State, ex rel. Utility Workers Union,* v. *Macelwane* (1961), 116 Ohio App. 183, 193-194, 22 O.O. 2d 38, 44, 187 N.E. 2d 901, 907.

In the case at bar, relator seeks a writ of prohibition to prevent the enforcement of respondent's order of February 22, 1988, requiring relator to undergo a second mental examination, and the order of March 9, 1988, holding relator in contempt for refusing to submit to the examination. These orders, even though erroneous under the circumstances (see Part I, *supra*), were within the juvenile court's grant of jurisdictional authority. See R.C. 2151.23; R.C. 2705.02; *State* v. *Hershberger* (J.C. 1958), 77 Ohio Law Abs. 487, 494, 150 N.E. 2d 671, 678. Therefore, relator's request for a writ of prohibition is denied. *State, ex rel. Moss, supra.* Respondent's motion to dismiss the complaint in prohibition is sustained.

In light of the foregoing analysis, the writ of procedendo in Warren App. No. CA88-03-021 is allowed and respondent is hereby ordered to proceed to judgment on the state's motion to relinquish jurisdiction. The writ of mandamus in Warren App. No. CA88-03-022 and the writ of prohibition in Warren App. No. CA88-03-023 are denied, and those actions are hereby dismissed.

*Writ of procedendo granted.*

*Writs of mandamus and prohibition denied.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.