OPINION
Appellant, Stephen Douglas Hobt, appeals the judgment entry of the Geauga County Court of Common Pleas overruling his motion to modify child support and modify medical reimbursements, and adjudging him guilty of contempt of court.
Appellant and appellee were married and two children were born as issue of the marriage. However, on May 17, 1993, the trial court granted both parties a divorce on the grounds of incompatibility. At that time, appellant was a partner in the law firm of Strachan, Green, Miller, Olender, and Hobt, specializing in bankruptcy. Child support was established at the rate of $700 per month per child. On August 1, 1996, appellant filed a motion requesting the lower court to modify child support on the basis that he had an involuntary change in circumstances and was terminated from the partnership at his law firm. On March 3, 1997, an agreed entry was approved by the trial court reducing appellant's child support obligation to $500 per month per child. The child support reduction was based, in part, on the fact that appellant was beginning self-employment.
On November 14, 1997, appellant filed a motion to modify child support and medical reimbursements. In that motion, appellant stated that his gross pre-tax income for 1997 to the present, after child support payments, was $6,000, with no income since March 21, 1997, and not the $25,000 the court imputed to him in its prior child support calculation.
On March 30, 1998, appellee filed a motion to show cause and request for attorney fees. In appellee's motion, it was argued that appellant had not paid medical expenses or child support for his children, as ordered by the trial court. The matter was referred to the court's magistrate for purposes of conducting a hearing and issuing a decision. The magistrate conducted a hearing on appellee's motion which was partially heard on May 11, 1998, and completed in a second hearing on September 11, 1998. The purpose of the second hearing was to determine the expenses incurred by appellee regarding her rental property, the medical bills not paid by appellant, and the reasonable expenses for appellant to operate a law office.
At the May 11, 1998 hearing, appellant submitted business receipts for the year 1997, which indicated that his gross self-employment income totaled $131,236.44. Appellant also introduced an exhibit which indicated that his business expenses were $131,594.12 for 1997. Thus, appellant claimed that he had a net loss of $357.68 for 1997.
At the hearing, Stanley Green ("Green"), a former partner of appellant's, testified that appellant breached the partnership agreement by taking fees that belonged to the firm. Thus, the partners asked appellant to terminate his employment with them. Appellant agreed and a withdrawal and separation agreement was signed by him and the firm.
In furtherance of the September 11, 1998 hearing's purpose to determine appellant's income and expenses, appellant introduced evidence revealing that he pays his current wife $35,842.50 per year to work at home as his secretary for his private legal practice. This rate is the same as her prior employment. However, appellant failed to submit a tax return for 1997, as he took an extension, so his final tax forms and payment were not due until October 15, 1998.
In a decision filed by the magistrate on September 15, 1998, the magistrate stated that appellant did not establish his income for child support purposes at the May 11, 1998 hearing and failed to demonstrate it at the September 11, 1998 hearing. The magistrate further found that appellant failed to present evidence of his reasonable expenses in operating a law office, which he was ordered to do prior to the scheduling of that hearing. The magistrate also stated that based on the testimony of Green and appellee's submission of the withdrawal and separation agreement signed by appellant and his former firm, there was a strong probability that he was voluntarily underemployed or that his self-employment was his own fault. Additionally, the magistrate decided that appellant did not present credible evidence concerning his actual income with regard to his motion to modify child support, and that he has failed to pay child support in the amount of $500 per month per child. Finally, the magistrate determined that appellee had paid $1,259.44 in medical expenses for their children which appellant should have paid.
Thus, the magistrate decided that appellant's failure to pay child support and uncovered medical expenses constituted contempt of court and adjudged him guilty of contempt, sentencing him to serve fifteen days in the Geauga County Safety Center with work release. Appellant was permitted to purge himself of contempt by paying appellee $150 per month until he had paid a total of $2,043.44 to her, which represented $1,259.44 in medical expenses plus $784 for appellee's attorney fees. The $150 per month was to be paid in addition to all other scheduled payments. Importantly, because neither a penalty or sanction has been imposed upon appellant by the court, the issue of contempt is not a final appealable order. See State ex rel. Doe v. Tracy (1988),51 Ohio App.3d 198, 200.
Appellant filed objections to the magistrate's decision with the trial court, but failed to file a complete transcript of the prior proceedings. In advancing his objections, appellant submitted an affidavit and exhibits which were not part of the evidence before the magistrate. The trial court granted appellee's motion to strike the affidavit and additional exhibits.
On March 16, 1999, the trial court adopted the magistrate's decision. The trial court, however, altered the magistrate's decision when it ordered appellant to make his contempt purging payments to begin on April 15, 1999, instead of October 15, 1998.
Appellant timely filed this appeal and now asserts the following as error:
 "[1.] The Trial Court Erred in Failing to Consider the Partial Income Tax Return Submitted with the Objections to the Magistrate's Decision and the Defendant's Reply to the Plaintiff's Response to the Defendant's Objections to the Magistrate's Decision. [sic]
 "[2.] The Trial Court Erred in Failing to Consider Actual Expenses Incurred by [appellant] in Generating Income from Self-employment in Determining Income for Child Support Purposes. [sic]
 "[3.] The Court Erred in Determining That There is a Strong Probability That [appellant] Is Voluntarily Underemployed or that His Self-Employment Is Due to His Own Fault. [sic]
 "[4.] The Trial Court Erred in Finding that [appellant] had the Ability to Pay Child Support and That He had Presented No Credible Evidence of His Inability To Do So." [sic]
In his first assignment of error, appellant avers that the trial court, in assessing his motion to modify child support and medical reimbursements, should have considered his partial income tax return that was submitted with his objections to the magistrate's decision. Appellant further alleges that the trial court could consider his reply to appellee's response to his objections to the magistrate's decision under the Civil Rules.
Pursuant to Civ.R. 53(E)(3)(b), any objection to the magistrate's findings of fact "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." When the record is not transferred to the trial court as mandated by Civ.R. 53(E)(3)(b), the trial court may accept the magistrate's findings of fact and examine the legal conclusions based on those findings. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730.
Under Civ.R. 53(E)(4)(b), a trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Moreover, the trial court "may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." Civ.R. 53(E)(4)(b).
In the instant matter, the trial court expressly stated that appellant only filed a partial transcript of the proceedings. Additionally, although Civ.R. 53(E)(4)(b) permits a trial court to hear additional evidence, the trial court, in this action, could properly refuse to consider the additional evidence consisting of his partial income tax return because there has been no contention by appellant in this appeal that with "reasonable diligence" he could not have produced that return for the magistrate's consideration. Therefore, appellant's claim that the trial court erred in failing to consider his partial income tax return is meritless.
With regard to appellant's claim that the lower court erred by failing to consider his reply to appellee's response to his objections to the magistrate's decision, we note that there is no provision contained in Civ.R. 53 allowing for a reply to a response to an objection. Thus, appellant's second claim is not well-taken, and his first assignment of error is without merit.
In the second assignment of error, appellant contends that the trial court should have considered the actual expenses incurred by him in generating income from his self-employment when it determined his income for purposes of calculating child support. To this extent, appellant's argument is that he submitted evidence before the magistrate indicating his business receipts totaled $131,236.44, while his expenses totaled $131,594.12, resulting in a loss for 1997 of $357.68.
Assuming arguendo that appellant provided portions of the transcript necessary to demonstrate the error assigned, the magistrate specifically found that appellant's evidence, which consisted of self-serving testimony and documents he personally prepared, indicating that he had a net loss for 1997, was not credible. Additionally, the magistrate stated in his decision that appellant failed to provide evidence of the reasonable expenses to operate a law office, which he was commanded to do at the September 11, 1998 hearing. Consequently, the trial court did not err in accepting the magistrate's finding that appellant's evidence concerning his alleged actual income was not credible. Accordingly, appellant's second assignment of error is without merit.
In the third assignment of error, appellant briefly argues that the trial court erred in determining that he was voluntarily underemployed or that his self-employment was due to his own fault. In advancing this assignment, appellant claims that his termination from the partnership of Strachan, Green, Miller, Olender, and Hobt was not voluntary. Rather, he states that his termination resulted from a vote of the remaining partners upon allegations that he stole fees from the firm. Also, he states that he sought employment after his termination, but had to become self-employed.
Vital to this assignment of error is the fact that the trial court did not impute income to appellant, despite its determination that there was "a very strong probability" that he was voluntarily underemployed or that his self-employment was his own fault. Thus, there has not been any adverse effect from this conclusion. Consequently, appellant's third assignment of error is not well-received.
In appellant's fourth and final assignment of error, he posits that the trial court erred in finding that he had the ability to pay child support and that he presented no credible evidence of his inability to do so.
In this assignment, appellant is arguing that the trial court's judgment was against the manifest weight of the evidence. In Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226, the Ohio Supreme Court articulated the standard to be applied in addressing a manifest weight argument:
 "[J]udgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, * * *, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77 * * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203 * * *." (Parallel citations omitted.)
Furthermore, in Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80, the Supreme Court of Ohio set forth its reasoning as to why deference should be given to the trial court's credibility assessments:
 "While we agree with the proposition that in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct.
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *"
However, in Ohio, appellate courts are "not permitted to review or rely upon any materials that were not before the trial judge." Violante v. Quadland Corp.
(Aug. 15, 1997), Trumbull App. No. 96-T-5473, unreported, at 9. Furthermore, in Pawlowski v.Pawlowski (Aug. 22, 1997), Lake App. No. 96-L-144, unreported at 3-4, 1997 WL 585963, this Court held:
 "`With respect to Civ.R. 53, this court has repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit. City of Willowick v. Gibaldi (Feb. 21, 1997), Lake App. No. 96-L-079, unreported, at 3; Larson v. Larson (Mar. 7, 1997), Portage App. No. 96-P-0217, unreported, at 5. Thus, to the extent that appellant challenges any findings of fact, she is precluded from arguing any factual determinations on appeal, and thus has waived any claim that the trial court erred in adopting the magistrate's findings.'"
In addition, "when a party fails to provide a transcript or affidavit along with objections to a referee's [magistrate's] report, appellate review of the trial court's adoption of a finding of fact is limited to whether the trial court's adoption of that finding constituted an abuse of discretion." Proctor v. Proctor
(1988), 48 Ohio App.3d 55, 63.
In this case, the trial court expressly indicated that appellant failed to provide a complete transcript of the proceedings by the magistrate. Thus, when the trial court evaluated the magistrate's decision, it did not have the entire transcript to review the evidence. In Gerijo, the Ohio Supreme Court noted that judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. A manifest weight exercise requires the reviewing court to analyze the factual evidence to determine whether the legal conclusions arrived at were proper.
Thus, pursuant to our prior holding in Pawlowski, appellant is precluded from arguing any factual determinations on appeal because the trial court was not presented with a complete transcript. As stated in Violante, we are bound to rely only upon those factual materials presented to the trial court in the appeal from the magistrate's ruling. On this basis, appellant cannot demonstrate that the trial court abused its discretion in adopting the magistrate's recommendation and is unable to show that the decision was against the manifest weight of the evidence. Accordingly, appellant's fourth assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Geauga County Court of Common Pleas is affirmed.
 _______________________________ DONALD R. FORD, PRESIDING JUDGE
CHRISTLEY, J., NADER, J., concur.