JOURNAL ENTRY AND OPINION.
{¶ 1} On November 7, 2002, relator filed a writ of procedendo against the Cuyahoga County Common Pleas Court, Juvenile Division, and Magistrate Ellen Leonetti on behalf of Judge John W. Gallagher. Relator is asking this court to direct the Juvenile Court to immediately schedule and conduct an adjudicatory hearing. On November 20, 2002, the respondents, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss and/or motion for summary judgment. Relator did not file a response to the respondents' motion for summary judgment. For the following reasons, we grant respondents' motion for summary judgment and deny the writ.
 {¶ 2} According to the pleadings, the minor child was removed from the custody of her maternal grandmother and placed in the custody and care of her paternal aunt after the child complained that she was being physically abused. On or about September 10, 2002, the Cuyahoga County Department of Children and Family Services filed a complaint with the Cuyahoga County Juvenile Court which asserted complaints against both relator and the child's biological parents. On October 15, 2002, the matter was heard before Magistrate Ellen Leonetti. During this hearing, relator requested that the matter be set for a full evidentiary hearing. In light of this request, Magistrate Leonetti scheduled the matter for hearing at her first available trial date, January 16, 2003. The evidence further discloses that relator voluntarily waived the ninety-day time requirement for disposition of this matter pursuant to R.C. 2151.28(B)(3) to prevent a re-filing of the complaint.
 {¶ 3} In their motion for summary judgment, respondents argue that relator expressly waived the time deadlines in R.C. 2151.28. Respondents accepted that waiver and scheduled the hearing for the first available date. Accordingly, the juvenile court has not refused to render a judgment, unnecessarily delayed proceeding to judgment, or failed to timely dispose of a pending action.
 {¶ 4} "Procedendo is a proper remedy in which a court has refused to render judgment or has unnecessarily delayed proceeding to judgment."State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24;State ex rel. Doe v. Tracy (1988) 51 Ohio App.3d 198, 200, 555 N.E.2d 674. In this matter, relator has not established that the trial court refused to render judgment or that it has unnecessarily delayed proceeding to judgment. The record indicates that respondents scheduled this hearing for the first available trial date. Therefore, we find that procedendo does not lie in this matter.
 {¶ 5} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., CONCURS.