MEMORANDUM OPINION
{¶ 1} On January 20, 2004, appellant, Cynthia L. Armstrong, filed a notice of appeal from a January 9, 2004 judgment of the Lake County Court of Common Pleas, Domestic Relations Division. In that judgment, the trial court found appellant to be in contempt of court for not obeying the court's earlier parenting time order. Appellant was sentenced to thirty days in the Lake County Jail. However, appellant was offered an opportunity to purge her contempt by providing appellee, Patrick G. Armstrong, with additional parenting time, and by paying appellee's attorney fees, within three months of the court's order.
 {¶ 2} On January 23, 2004, appellee filed a motion to dismiss this appeal due to lack of a final appealable order. Appellant has not filed a response.
 {¶ 3} In Boltauzer v. Boltauzer (Feb. 13, 1996), 11th Dist. No. 94-L-155 WL 1692963, this court stated:
 {¶ 4} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order.Chain Bike v. Spoke `N Wheel, Inc. (1979), 64 Ohio App.2d 62;Cooper v. Cooper (1984), 14 Ohio App.3d 327; State ex rel. Doev. Tracy (1988) 51 Ohio App.3d 198." Id at *1.
 {¶ 5} In the present case, the trial court found appellant to be in contempt but she was also given the opportunity to purge herself of this contempt by doing a specific act within three months. This, the second element of contempt has not yet occurred; namely a finding by the trial court that the contemnor has failed to purge herself and the imposition of a penalty or sanction. Until that second order is made by the trial court, the contempt issue is not ripe for review. Simmons v. Simmons (Apr. 21, 1998), 11th Dist. No. 97-T-0128, Memorandum Opinion.
 {¶ 6} Accordingly, appellee's motion to dismiss this appeal is herby granted due to lack of a final appealable order
Christley and Rice, JJ., concur.