MEMORANDUM OPINION
{¶ 1} On December 18, 2003, appellant, Maureen Ann Gabel-Loetz, filed a notice of appeal from a November 18, 2003 judgment of the Geauga County Court of Common Pleas. In that judgment, the trial court found appellant to be in contempt of court and sentenced her to five days in the Geauga County Jail. However, appellant was given until December 31, 2003 to purge herself of contempt by providing appellee, William R. Loetz, Jr., with four additional days of parenting time with the parties' children, and paying appellee his share of the 2002 income tax refunds.
 {¶ 2} In Boltauzer v. Boltauzer (Feb. 13, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, this court stated:
 {¶ 3} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order.Chain Bike v. Spoke `N Wheel, Inc. (1979), 64 Ohio App.2d 62;Cooper v. Cooper (1984), 14 Ohio App.3d 327; State ex rel. Doev. Tracy (1988), 51 Ohio App.3d 198." Id. at *1.
 {¶ 4} In the present case, the trial court found appellant to be in contempt but she was also given the opportunity to purge herself of this contempt by doing a specified act within forty-three days. Thus, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge herself and the actual imposition of a penalty or sanction. Until that second order is made by the trial court, the issue of contempt is not ripe for review. Simmons v.
Simmons (Apr. 21, 1998), 11th Dist. No. 97-T-0128, Memorandum Opinion.
 {¶ 5} Accordingly, this case is hereby sua sponte dismissed due to lack of a final appealable order.
Christley and Rice, JJ., concur.