MEMORANDUM OPINION
{¶ 1} On March 28, 2005, appellant, Deborah Cooke, filed a notice of appeal from a February 25, 2005 judgment of the Geauga County Court of Common Pleas, Juvenile Division. In that judgment, the trial court found appellant to be in contempt of court for failing to comply with the court ordered visitation schedule and she was sentenced to serve thirty (30) days in jail, and fined $500. However, appellant was given the opportunity to purge her contempt by complying with certain conditions.
 {¶ 2} In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 Ohio App. LEXIS 6119, this court stated:
 {¶ 3} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62, 410 N.E.2d 802; Cooper v. Cooper (1984),14 Ohio App.3d 327, 471 N.E.2d 525; State ex rel. Doe v. Tracy (1988),51 Ohio App.3d 198, 555 N.E.2d 674." Id. at *1-*2.
 {¶ 4} In the present case, the trial court found appellant to be in contempt but she was also given the opportunity to purge herself of this contempt by doing a specified act. Thus, the second element of contempt has not yet occurred; namely, a finding by the trial court that the contemnor has failed to purge herself and the imposition of a penalty or sanction. Until that second order is made by the trial court, the contempt issue is not ripe for review. Simmons v. Simmons (Apr. 21, 1998), 11th Dist. No. 97-T-0128, Memorandum Opinion.
 {¶ 5} Accordingly, this case is hereby sua sponte dismissed due to lack of a final appealable order.
 {¶ 6} Appeal dismissed.
Ford, P.J., O'Neill, J., concur.